**In re David STEEN, Maxine Steen, Debtors.**

**Bankruptcy No. EF11–83–02029.**

United States Bankruptcy Court, W.D. Wisconsin.

Sept. 17, 1984.

**544**

Frederic J. Berns, Frederic J. Berns, S.C., Whitehall, Wis., for Pigeon Falls State Bank.

John O. Ward, Kostner, Ward, Galstad & Koslo, Osseo, Wis., for debtors.

Peter E. Grosskopf, Thornton, Black, Wachowski & Grosskopf, S.C., Eau Claire, Wis., for Farm Supply Co.

## FINDINGS OF FACT, CONCLUSION OF LAW AND ORDER DENYING MOTION TO DISMISS

WILLIAM H. FRAWLEY, Bankruptcy Judge.

Pigeon Falls State Bank, by Frederic J. Berns, S.C., having filed a Creditor's Motion to Dismiss Chapter 11 Bankruptcy Proceeding; and a hearing having been held; and the Movant appearing by Attorney Frederic J. Berns; and the Debtors appearing by Attorney John O. Ward; and Farm Supply Company appearing by Attorney Peter E. Grosskopf; the Court, being fully advised in the premises, FINDS THAT:

1. On December 13, 1983, Debtors David and Maxine Steen filed for relief under Chapter 11 of the Bankruptcy Code.

2. On July 20, 1984, Pigeon Falls State Bank filed a motion to convert the above-captioned proceedings to Chapter 7 of the Bankruptcy Code.

3. On August 10, 1984, the Debtors filed a disclosure statement and a proposed plan of reorganization.

4. On August 22, 1984, the Bank filed the motion for dismissal of the above-captioned proceeding which is before the Court today.

5. On September 10, 1984, this Court approved the Debtors' disclosure statement.

### Discussion

6. The Bank advances two grounds to support its motion to dismiss: First, "that the debtors failed to file a plan as required by local rules." And second, "that the debtors' plan is totally unworkable and does not adequately provide for secured creditors."

7. *Untimely Filing.* Under 11 U.S.C. sec. 1112(b) the court may dismiss a Chapter 11 proceeding for cause, including unreasonable delay by the debtor that is prejudicial to creditors or the failure of the debtor to propose a plan within any time fixed by the court. Under 11 U.S.C. secs. 1106(a)(5) & 1107(a), a debtor-in-possession must file a plan "as soon as practicable"; however, no Federal Rule of Bankruptcy Procedure nor any local rule of this Court requires the debtor to file a plan within a certain time.

8. There being no evidence of prejudice to creditors and this Court having fixed no time within which the Debtors were to have proposed a plan, the eight month period between the filing of the Debtors' petition and the filing of the Debtors' proposed plan is insufficient to support the Bank's motion.

9. *Inadequate Plan.* Under 11 U.S.C. sec. 1112(b)(2), the Court may dismiss a Chapter 11 proceeding if the debtor is *unable* to effectuate a plan.

10. The assertion that the particular plan proposed by the Debtors "is totally unworkable and does not adequately provide for secured creditors", even if true, is insufficient to support the Bank's motion.

## CONCLUSION OF LAW

The motion to dismiss must be denied. ·

## ORDER

IT IS ORDERED THAT the Creditor's Motion to Dismiss Chapter 11 Bankruptcy Proceeding filed by Pigeon Falls State Bank be, and the same hereby is, DENIED, without costs.