**In re CHILD WORLD, INC., Debtor.**

**The EDWARD J. DEBARTOLO CORP., et al., Appellants,**

v.

**CHILD WORLD, INC., Appellee.**

**NET REALTY HOLDING TRUST, Appellant,**

v.

**CHILD WORLD, INC., Appellee.**

**No. 92 Civ. 4994 (VLB).**
**Bankruptcy No. 92 B 20887 (HS).**

United States District Court,
S.D. New York.

Oct. 14, 1992.

Martin J. Bienenstock, Weil, Gotshal & Manges, New York City, for debtor-appellee.

Stephan B. Gleich, Great Neck, N.Y., Robert W. Dremluk, Eaton & Van Winkle, New York City, for creditor-appellants.

VINCENT L. BRODERICK, District Judge.

## I

Appellants in this case challenge the authority of the Bankruptcy Court in a Chapter 11 case to grant the debtor *ex parte* extensions (a) of time to pay rent for up to 60 days and (b) of time to assume or to reject leases until confirmation of a plan of reorganization under Chapter 11, in both cases subject to reversal or modification upon application of the landlord. The parties agree that this appeal is interlocutory and may proceed only by leave of court under 28 U.S.C. § 158(a), but take the position that acceptance of the appeal is desirable.

For the reasons set forth below, I decline to grant leave for interlocutory review in regard to the rent order, but grant it with respect to the extension of time for the debtor to assume or to reject leases, as to which I affirm the Bankruptcy Court's determination.

## II

■ A delay in rent payments for up to 60 days for cause is specifically provided for by 11 U.S.C. § 365(d). The rent which was subject to a postpetition extension in this case has already been paid. The landlords involved were free to seek modification of the Bankruptcy Court's grant of the 60 day grace period, and all parties recognize that in that event the debtor would have had the burden of persuasion to justify the extension. Under these circumstances there is no reason to permit an interlocutory appeal with respect to the Bankruptcy Court's order permitting the debtor to delay payment for the initial 60 day post-petition period. Rulings capable of repetition but evading review may be examined on appeal in appropriate situations; in view of lack of substantial injury to the landlords either initially or ultimately and in view of the specific statutory authorization for the type of extension involved, this does not appear to be such a situation.

## III

■ An extension of time beyond the 60 days mentioned in 11 U.S.C. § 365—especially for an indefinite period extending until confirmation of a Chapter 11 plan—may, if allowed to remain in place for a significant period, cause substantial hardship to a landlord who does not know whether or not a lease will remain in effect, and whether or not to seek another tenant for the space. And the Supreme Court has made it clear that judicial action which may have significant harmful effects is not to be taken *ex parte* where notice can reasonably be given. See *Connecticut v. Doehr,* —— U.S. ——, 111 S.Ct. 2105, 115 L.Ed.2d 1 (1991); see also *Zinermon v. Burch,* 494 U.S. 113, 110 S.Ct. 975, 108 L.Ed.2d 100 (1990).

An analogy may be drawn to Rule 65, Fed.R.Civ.P. which permits temporary restraining orders only where a hearing is to be held within 10 days, and which provides that such orders are to be granted *ex parte* only upon a preliminary showing of irreparable injury, and of a need for emergency action. See *Granny Goose Foods v. Brotherhood of Teamsters,* 415 U.S. 423, 94 S.Ct. 1113, 39 L.Ed.2d 435 (1974); *American Can Co. v. Mansukhani,* 742 F.2d 314 (7th Cir.1984). Only where serious harm

can occur if notice is given prior to action may temporary restraint without notice be ordered. See *In re Vuitton et fils, SA,* 606 F.2d 1 (2d Cir.1979).

While a non-insolvency bankruptcy proceeding is authorized under Chapter 11, such a procedure is subject to possible abuse; intended as a device to avoid incipient insolvency, it can become a tactic in ongoing corporate strategies. Bankruptcy courts are justifiably on guard against such abuses. See generally Bryne, *Sanctions for Wrongful Bankruptcy Litigation,* 62 Am.Bankr.J.J. 37 (Winter 1988).

The Bankruptcy Code lists various situations in which mere filing of a non-insolvency Chapter 11 bankruptcy may have certain effects or may justify specific extensions which are set forth in detail, as in 11 U.S.C. § 365. The context this provides suggests caution in routinely implying authority for *ex parte* extensions for indefinite periods. The purposes of the Bankruptcy Code and the concept of equal protection [1] would appear violated if an imbalance in contractual relationships could be brought about by the combination of a non-insolvency bankruptcy under Chapter 11 with an *ex parte* stay which puts the burden on sometimes distant creditors to seek vacatur of burdensome conditions.

These concerns are reflected in decisions which protect the procedural rights of creditors seeking to vacate the automatic stay of litigation pursuant to bankruptcy filings. See, e.g., *In re Wedgewood Realty Group,* 878 F.2d 693, 697 (3d Cir.1989); *Looney v. Grundy National Bank,* 823 F.2d 788 (4th Cir.), *cert. denied* 484 U.S. 977, 108 S.Ct. 488, 98 L.Ed.2d 486 (1987).

Caution, however, is not the same as prohibition. Where (a) adequate and detailed findings are made justifying interim steps to protect a debtor, and (b) injury to the other parties involved—here, landlords having leases with the debtor—is not immediate, an interim order extending a debtor's time to accept or reject leases may be necessary and proper in the administration of the Bankruptcy Code and consistent with the usages and principles of law (compare the All Writs Act, 28 U.S.C. § 1651) and due process standards.

In this case, some 160 stores were involved, and the Bankruptcy Court found that the debtor needed immediate interim protection to protect cash flow; deference is appropriate to this finding under Bankruptcy Rule 8013 if it was factually supported. The Bankruptcy Court's findings are further bolstered if such bolstering were necessary, by subsequent events [2] involving the liquidation of the debtor, making it clear that Chapter 11 was not abused in this instance.

Further, the appellants here have not complained about inadequate speed in ruling on requests to shorten the time for the debtor to accept or reject its leases with them, nor have they claimed that the burden of persuasion in connection with such requests was not realistically as well as formally placed upon the debtor. I cannot assume that if called upon to do so, the Bankruptcy Court would have failed to grant expedited relief to the property owners here, and promptly vacated or limited the extension granted the debtor if the debtor failed to establish that such vacation or limitation was not appropriate.

Nor did appellants show that they were inconvenienced as distant property owners. I cannot assume that the Bankruptcy Court would deny distant owners the opportunity to challenge on papers the application of the *ex parte* extension to them, placing the

---

1. Equal protection concepts apply to economic as well as other imbalances. *Allegheny Pittsburgh Coal Co. v. Webster County,* 488 U.S. 336, 109 S.Ct. 633, 102 L.Ed.2d 688 (1989); *Metropolitan Life Ins. Co. v. Ward,* 470 U.S. 869, 105 S.Ct. 1676, 84 L.Ed.2d 751 (1985). They apply to federal action through the due process clause of the Fifth Amendment. *United States Dept. of Agriculture v. Moreno,* 413 U.S. 528, 93 S.Ct. 2821, 37 L.Ed.2d 782 (1973); *Lyng v. Castillo,* 477 U.S. 635, 636 n. 2, 106 S.Ct. 2727, 2728 n. 2, 91 L.Ed.2d 527 (1986); *Bolling v. Sharpe,* 347 U.S. 497, 74 S.Ct. 693, 98 L.Ed 884 (1954) (District of Columbia desegregation case).

2. See *Local Lodge 1424 v. NLRB,* 362 U.S. 411, 416, 80 S.Ct. 822, 826, 4 L.Ed.2d 832 (1960); *United States v. Ramirez,* 894 F.2d 565, 569 (2d Cir.1990); *Eatz v. DME Unit of Local Union No. 3,* 794 F.2d 29 (2d Cir.1986).

burden of justification of retention of the extension on the debtor, nor that he would not permit out-of-district counsel to represent out-of-district property owners for that purpose. There is no indication that distant owners were compelled to retain counsel in this district, causing unreasonable expense or significant delay.

■ Where a party asserts that a procedural avenue was inadequate, it must show either that the procedure was unsuccessfully invoked, or in the alternative that it was inherently and *per se* insufficient to protect its rights. Neither of these has been shown on this appeal.

All that the Bankruptcy Court *ex parte* extension of the debtor's time to accept or reject leases actually did was shift the burden of coming forward—not the burden of persuasion—to the property owners, who did not show they were substantially or irreparably injured in the interim. Had appellants been able to make a showing that *ex parte* extension created a *status quo* which indirectly placed a burden of persuasion on the property owners, or which led to significant delay in obtaining relief, a different situation would be presented. But no such situation was shown, either directly or by inference. Instead, the factual pattern here indicates that the *ex parte* extension with regard to acceptance or rejection of leases had for all practical purposes, only an administrative rather than a substantive effect.

My refusal to find improper *per se* the limited *ex parte* shifting of the burden in regard to extending the time to reject or accept leases is in accord with the results in *Chapman Investment Assoc. v. American Healthcare Management,* 900 F.2d 827 (5th Cir.1990) and *Willamette Waterfront, Ltd. v. Victoria Station,* 875 F.2d 1380, 1385–86 (9th Cir.1989). It is not necessary here to determine whether the right to lease rejection or assumption is or is not a property interest under the due process clause as indicated by *Willamette,* since due process concepts—normally implicit in judicial action in any event as a matter of good practice and appropriate exercise of discretion—do not appear to have been violated here.

SO ORDERED.