In re CHILD WORLD, INC., Debtor.

The EDWARD J. DEBARTOLO CORP., et al., Appellants,

v.

CHILD WORLD, INC., Appellee.

NET REALTY HOLDING TRUST, Appellant,

v.

CHILD WORLD, INC., Appellee.

Bankruptcy No. 92 B 20887 (HS).

No. 92 Civ. 4994 (VLB).

United States District Court, S.D. New York.

Nov. 20, 1992.

Martin J. Bienenstock, Weil, Gotshal & Manges, New York City, for debtor-appellee.

Stephan B. Gleich, Great Neck, N.Y., Robert W. Dremluk, Penny R. Stark, Eaton & Van Winkle, New York City, for creditors-appellants.

## ORDER ON MOTION FOR RECONSIDERATION

VINCENT L. BRODERICK, District Judge.

On October 14, 1992 I affirmed a ruling of the Bankruptcy Court in the above case extending the debtor's time to assume or reject leases until confirmation of its Chapter 11 reorganization plan. Appellants have requested reconsideration on the ground that in focusing on the circumstances under which *ex parte* relief of this nature can be granted, I failed to consider adequately the appropriateness of open-ended extension of time for assumption or rejection running up to the date of confirmation. I grant the application for reconsideration and reaffirm the original decision for the reasons which follow.

■ Indefinite or open-ended extensions of time for debtors to assume or reject leases or other contracts are potentially burdensome and can only be granted where the debtor establishes sufficient need, and even then may be shortened where a landlord or creditor would in fact be unduly burdened. Thus, in *Net Realty Holding Trust v. R.H. Macy & Co.*, 92 Civ. 3799 (JSM), 1992 WL 322288 (S.D.N.Y. October 27, 1992), Judge Martin held an open-ended

extension inappropriate, citing *In re Wedtech Corp.*, 72 B.R. 464 (Bkrtcy.S.D.N.Y. 1987) for the proposition that "a grant of an open-ended extension with a provision that the lease will be terminated as to a specific party in interest upon a showing of cause would defeat the whole purpose of [11 U.S.C.] § 365(d)(4)." p. 5.

In my memorandum order of October 14, 1992, 146 B.R. 89 (S.D.N.Y.1992), I adopted the same position in noting that:

"All that the Bankruptcy Court *ex parte* extension of the debtor's time to accept or reject leases actually did was shift the burden of coming forward—not the burden of persuasion—to the property owners, who did not show they were substantially or irreparably injured in the interim. Had appellants been able to make a showing that *ex parte* extension created a *status quo* which indirectly placed a burden of persuasion on the property owners, or which led to significant delay in obtaining relief, a different situation would be presented." 146 B.R. at 92.

■ Thus it is not necessary for a landlord to show cause for seeking to modify the open-ended extension challenged on this appeal. Once a specific landlord seeks modification, the burden remains on the debtor to justify the extension if able to do so; only if that is done would a factual showing of hardship on the part of the landlord be required.

■ Appellants here, however, have studiously avoided any individualized requests for foreshortening of the provisional open-ended extension initially granted by the Bankruptcy Judge, even after the clear invitation for such requests, if justified, contained in my memorandum order of October 14, 1992. Instead, they have chosen to seek blanket relief in a way which suggests that this appeal is being treated as a test case rather than one brought to redress actual hardship that could have been dealt with, had it been asserted, far earlier.

The thrust of appellants' argument is thus that it is not enough that no open-ended extension can survive individual challenge unless affirmatively justified. Instead, appellants' position would appear to require the Bankruptcy Court in all cases to maintain a revolving calendar of interim extensions which would have to be updated repeatedly in a lengthy Chapter 11 proceeding even if the landlords involved did not request an earlier election by the debtor concerning the leases. The creation of a mandatory administrative squirrel cage should not be mandated on a *per se* basis by means of this appeal, markedly bereft of any individualized—even unproven— claims of individualized prejudice to any of the appellants.

SO ORDERED.