### In re HI-TOC DEVELOPMENT CORP., Debtor.

### M–47B (VLB).

United States District Court, S.D. New York.

Nov. 1, 1993.

---

Avrom R. Vann, New York City, for debtor.

Douglas G. Walter, U.S. Trustee's Office, New York City, for U.S. Trustee.

Deborah Yurchuk McCarthy, McCarthy, Fingar, Donovan, Drazen & Smith, White Plains, NY, for creditor Bank.

## MEMORANDUM ORDER

VINCENT L. BRODERICK, Bankruptcy Judge.

### I

This case originally filed as a voluntary Chapter 11 petition; it was converted by the Bankruptcy Court (Howard Schwartzberg, J.) into a Chapter 7 case. The debtor seeks a stay pending appeal from that conversion. I deny the stay.

### II

■ In order to obtain a stay from a Bankruptcy Court order the appellant must make the same showing normally required for a preliminary injunction or stays of other kinds of orders.

■ *Hilton v. Braunskill,* 481 U.S. 770, 776, 107 S.Ct. 2113, 2119, 95 L.Ed.2d 724 (1981), set forth criteria for considering stays of judicial decisions pending review:

(1) whether the stay applicant has made a strong showing ... on the merits;

(2) whether the applicant will be irreparably injured absent a stay;

(3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and

(4) where the public interest lies.

See Bankr.Rule 8005; *In re Pine Lake Village Apartment Co.,* 21 B.R. 395 (S.D.N.Y.1982); *United States v. Local 6A,* 832 F.Supp. 674 (S.D.N.Y.1993).

### III

Chapter 11 of the Bankruptcy Code is a powerful tool which a debtor can initiate without proof of an emergency or even actual or impending insolvency. The Chapter permits a debtor to block creditors, at least temporarily, from proceeding in what would otherwise be the normal manner, this through the equivalent of an *ex parte* temporary restraining order against everyone within the jurisdiction of the United States. See generally *In re Child World,* 146 B.R. 89 (S.D.N.Y.1992); Byrne, "Sanc-

tions for Wrongful Bankruptcy Litigation," 62 Am.Bankr.L.J. No. 1 at 37 (Winter 1988).

■ Chapter 11 helps to save many enterprises which would otherwise fail, but because of its great impact vigilant supervision is required on the part of the Bankruptcy Court to avoid its abuse. Compare *Steele v. Louisville & Nashville R. Co.,* 323 U.S. 192, 65 S.Ct. 226, 89 L.Ed. 173 (1944). Where debtors-in-possession fail to perform their functions, they may not utilize Chapter 11 to prolong control of an insolvent enterprise where no benefit to the public or creditors is plausible.

■ In order to avoid abuse, 11 U.S.C. § 1112(b) permits the Bankruptcy Court for cause to convert a case to a Chapter 7 case after notice and hearing, where such conversion is in the best interest of creditors and the estate. Conditions which warrant such conversion include:

(1) continuing loss to or diminution of the estate and absence of a reasonable likelihood of rehabilitation;

(2) inability to effectuate a plan;

(3) unreasonable delay by the debtor that is prejudicial to creditors;

\*　　\*　　\*　　\*　　\*　　\*

(10) nonpayment of any fees or charges required under chapter 123 of title 28 [which includes 28 USC 1930]. See generally *In re Mechanical Maintenance, Inc.,* 128 B.R. 382 (E.D.Pa.1991).

In the present case, notice was given and the matter raised in open court; there is no claim that any witnesses were offered but not heard.

### IV

■ This appears to be a single asset bankruptcy involving real estate, the value of which is less than a mortgage held by the Pawling Savings Bank. The debtor filed a Chapter 11 petition on February 3, 1992 and operated as debtor-in-possession until July 30, 1993 when the case was converted to Chapter 7. In the interim, real estate taxes and quarterly fees under 28 U.S.C. § 1930(a)(6) were unpaid, required operating reports were not filed, and no

plan of reorganization was presented by the debtor.

Under these circumstances the Bankruptcy Court had discretion to conclude that enough was enough, that there was no realistic prospect for reorganization or for payments to unsecured creditors; and that continuation of the debtor's role as debtor-in-possession would abuse Chapter 11 while serving little useful purpose. See *Hall v. Vance,* 887 F.2d 1041, 1044 (10th Cir.1989); *In re Cohoes Industrial Terminal,* 65 B.R. 918 (Bankr.S.D.N.Y.1986); *In re Berryhill,* 127 B.R. 427, 443 (Bankr.N.D.Ind.1991).

All of the relevant factors suggest denial of a stay of the Bankruptcy Court's action: (a) the debtor-appellant's likelihood of success on the merits appears minimal; (b) since no real likelihood of successful reorganization appears to exist, no irreparable injury flows from the conversion to Chapter 7; (c) the stay would prolong the bankruptcy proceeding with no foreseeable offsetting gain and thus injure creditors; and (d) permitting use of Chapter 11 in this manner would be contrary to the public interest.

SO ORDERED.