In re SPHERE HOLDING
CORP., Debtor.

No. 93–CV–5134.

United States District Court,
E.D. New York.

Jan. 14, 1994.

**640**

Hersh Jakubowitz, Brill & Jakubowitz, Forest Hills, NY, for debtor.

Douglas Spelfogel, Garden City, NY, U.S. Trustee.

### MEMORANDUM AND ORDER

GLASSER, District Judge:

This is a motion by a debtor seeking injunctive relief against his creditors pending the appeal of an order of the Bankruptcy Court pursuant to Bankruptcy Rule 8005. No opposition papers have been received. For the following reasons, the motion is granted.

### FACTS

The debtor in this action, Sphere Holding Corp., d/b/a Williston Park Bagels ("Sphere" or the "debtor"), filed a petition for bankruptcy pursuant to Chapter 11 of the United States Bankruptcy Code on July 8, 1993. Affidavit of Michael Skudin, November 17, 1993 ("Skudin Aff'd"), ¶ 3. The debtor is a retail bagel store located in New Hyde Park, New York. Sphere's Chapter 11 action was dismissed by United States Bankruptcy Judge Marvin A. Holland of the Eastern District of New York on or about October 25, 1993. Application for Injunction Pending Appeal, November 18, 1993 ("App."), at 1 and Ex. C. Judge Holland dismissed the Chapter 11 action because,

> counsel nor the debtor hav[e] appeared at a duly noticed court status conference, the debtor [has] failed to timely file operating reports or seek an extension of time to file

such reports [and] the debtor [has] failed to file a plan of reorganization and disclosure statement[.]

*Id.*, Ex. C. *See also* Skudin Aff'd, ¶ 6 ("Upon information and belief, the Debtor's Chapter 11 case was dismissed by the Bankruptcy Court due to Debtor's attorneys [sic] failure to timely file said monthly operating statements and appear before the Court on a scheduled date.").[1] Operating reports have since been filed and are continuing to be filed. App., ¶ 11. No plan of reorganization or disclosure statement has been filed with this motion. On November 3, 1993, debtor filed a Notice of Appeal appealing Judge Holland's dismissal of debtor's Chapter 11 case.[2]

As of December 31, 1992, the debtor's liabilities totalled $97,257.00. App., Ex. A (debtor's Voluntary Petition) at 3. Joseph Richards, a creditor holding a secured claim (a lien on debtor's assets), is owed $35,000.00. *Id.*, Schedule D. The New York State Department of Taxation and Finance is a creditor holding an unsecured priority claim of $37,000.00 for unpaid sales taxes. *Id.*, Schedule E.[3] The Internal Revenue Service is also a creditor holding an unsecured priority claim; it is owed $20,000 for unpaid withholding taxes. *Id.*, Schedule E. Frank A. Serio & Sons, Inc. and Derle Farms are creditors holding unsecured nonpriority claims; their claims total $5,257.00. *Id.*, Schedule F. Assets of the debtor total $112,-500, *id.*, Schedule B (machinery, fixtures, and office equipment, etc.), and the gross amount of income debtor received from the operation of its business in 1992 was $16,420.00, *id.*, Statement of Financial Affairs.

Following the dismissal of the debtor's Chapter 11 action, the debtor brought an order to show cause before Judge Holland and sought the relief requested in this motion; namely, an order restraining all creditors from proceeding with any collection activities against the debtor pending the disposition of the debtor's appeal of the dismissal. App., ¶ 19. Judge Holland refused to grant the equitable relief on November 10, 1993, for the following reasons:

> Denied—this is not an application for a stay of the effectiveness or operation of an order under appeal pending the appeal of that order, but is rather an order to show cause seeking a general injunction which FRBP requires to be commenced by a more formal adversary proceeding. Furthermore, the court's docket does not disclose a formal order of retention as required by 11 U.S.C. 327 of the person calling himself "attorney of the above debtor."

*Id.*, Ex. C.

The debtor then brought an order to show cause before Judge Johnson of the Eastern District of New York seeking the relief denied by Judge Holland by way of a temporary restraining order. Judge Johnson denied the application based, in part, on Bankruptcy Rule 8005 ("Stay Pending Appeal"). Rule 8005 provides in relevant part that,

> A motion for … relief pending appeal must ordinarily be presented to the bankruptcy judge in the first instance.… A motion for such relief … may be made to the district court … *but the motion shall show why the relief … was not obtained from the bankruptcy judge.* The district court … may condition the relief it grants under this rule on the filing of a bond or other appropriate security with the bankruptcy court.…

Bankr.Rule 8005 (emphasis added). In the papers presented to Judge Johnson in sup-

---

1. The failure of debtor's counsel to appear at the Bankruptcy Court's status conference and to file operating reports was caused, in part, by the "emotional and/or physical incapacity of the Debtor's attorney[.]" Skudin Aff'd, ¶ 8. The debtor's attorney states that he missed the status conference because he mistakenly believed that the conference was scheduled for August 23, 1993, not July 12, 1993. App., ¶ 9.

2. Filed in connection with the debtor's appeal of Judge Holland's order of dismissal is a "Designa-

tion of Record and Statement of Issues," dated November 15, 1993. The appeal of the dismissal order is not presently before this court; this motion is for injunctive relief only.

3. The New York State Department of Taxation and Finance issued a warrant against the debtor, dated June 14, 1993, in the amount of $36,-176.54. *Id.*, Ex. B. The record indicates that the warrant has not yet been executed. *See Id.*, ¶ 4.

port of the debtor's application for a temporary restraining order, the debtor did not "show why the relief ... was not obtained from the bankruptcy judge," and hence the application was denied. *See, e.g., In re Duncan,* 107 B.R. 758 (W.D.Okl.1989) (where debtor failed to show why stay had not been obtained in bankruptcy court, debtor is not entitled to stay from district court pending outcome of appeal). In the debtor's present motion before this court he has affixed a copy of Judge Holland's denial of the equitable relief sought. App., Ex. C.

The debtor now states that its "business has recently substantially increased in sales" and that it "anticipates being able to pay its creditors one hundred percent (100%) of money over a period of time." Skudin Aff'd, ¶ 9. The debtor submits that if the creditors proceed with collection for amounts owed it will be irreparably harmed because a collection, for example, by the New York State Department of Taxation and Finance "would effectively ... put [debtor] out of business[.]" App., ¶ 4. *See also* Skudin Aff'd, ¶ 10 ("To permit collection and enforcement actions against the Debtor would, in essence, force the Debtor to close its business, layoff its workers, and create a void in the community of a necessary and desired food establishment."). The debtor, therefore, seeks for a second time, "an Order enjoining and restraining the creditors of the debtor from pursuing any collection activities against the debtor[.]" App. at 5.

### DISCUSSION

Bankruptcy Rule 8005 gives a district court the authority to order relief pending appeal from a decision of a bankruptcy court. Permitting the injunctive relief is left to the discretion of the district court. *In re Overmyer,* 53 B.R. 952, 955 (Bankr.S.D.N.Y. 1985) ("A motion for a stay pending appeal, as authorized under Bankruptcy Rule 8005, is discretionary."); *In re Neisner Bros., Inc.,* 10 B.R. 299, 300 (Bankr.S.D.N.Y.1981) (same). "In order to obtain a stay from a Bankruptcy Court order the appellant must make the same showing normally required for a preliminary injunction or stays of other kinds of orders." *In re Hi–Toc Development Corp.,* 159 B.R. 691, 692 (S.D.N.Y.1993).

Therefore, in order for debtor to receive the injunctive relief requested, he must satisfy this court that (1) there is a likelihood of success on the merits; (2) he will be irreparably injured absent a stay; (3) the issuance of a stay will not substantially injure the other parties interested in the proceeding; and (4) the granting of the relief sought is not contrary to public policy. *Id.; In re Cretella,* 47 B.R. 382, 383–84 (E.D.N.Y.1984).

### A. *Likelihood of Success on the Merits*

Judge Holland did not state the statutory grounds upon which he dismissed debtor's Chapter 11 case. His factual findings were as follows: (i) debtor failed to appear at a duly noticed court status conference; (ii) debtor failed to timely file operating reports or seek an extension of time to file such reports; and (iii) debtor failed to file a plan of reorganization and disclosure statement. App., Ex. C. In its motion to convert debtor's Chapter 11 case to Chapter 7, or in the alternative, to dismiss the Chapter 11 case, the U.S. Trustee stated in Paragraph 6 that "[i]t is respectfully submitted that the ... facts clearly evidence an inability to effectuate a plan and unreasonable delay by the debtor that is prejudicial to creditors." Therefore, it is likely that the Bankruptcy Court dismissed debtor's Chapter 11 case pursuant to 11 U.S.C. § 1112(b)(2) and (3), which read in relevant part as follows:

> [O]n request of a party in interest or the United States trustee, and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 7 of this title or may dismiss a case under this chapter, whichever is in the best interest of creditors and the estate, for cause, including—
>
> (2) inability to effectuate a plan;
>
> (3) unreasonable delay by the debtor that is prejudicial to creditors[.]

11 U.S.C. § 1112(b)(2) and (3).

The Bankruptcy Court is given discretion in determining whether to convert or dismiss a debtor's Chapter 11 case. *In re Winslow,* 123 B.R. 641, 643 (D.Colo.) ("The bankruptcy court's decision to convert or dismiss a case under § 1112(b) is a matter of

discretion."), *aff'd,* 949 F.2d 401 (10th Cir. 1991). Therefore, in order for debtor to succeed on the merits, it will have to demonstrate on appeal that Judge Holland abused his discretion in dismissing its Chapter 11 case based on unreasonable delay and an inability to effectuate a plan.

■ In determining whether a debtor's delay has been unreasonable, a bankruptcy court must take into consideration the context of the delay. For example, in *In re Sheehan,* 58 B.R. 296 (Bankr.D.S.D.1986), the court held that there was no unreasonable delay even though debtor's plan of reorganization was not filed until 13 months after the *action was commenced* because, among other reasons, there was evidence that during this period the debtor was working diligently at formulating a plan.[4] In *In re Macon Prestressed Concrete Co.,* 61 B.R. 432, 437–38 (Bankr.M.D.Ga.1986), the court noted that the debtor's two year delay must be analyzed within the context of the debtor's case and in so doing held that the delay was not unreasonable because during that period the debtor had been working to stabilize its business operations and had hopes of liquidating other aspects of its business. "Considering Debtor's reasons for delay, the Court is persuaded that the delay in this case is not unreasonable." *Id.* at 438.

In this case, the unexcused delay between the commencing of the action and the U.S. Trustee's motion to convert or dismiss can be explained, in part, by the "emotional and/or physical incapacity of the Debtor's attorney." Skudin Aff'd, ¶ 8. Although this information was not before the Bankruptcy Court when it dismissed debtor's case,[5] it was a factor and, as the cases above demonstrate, the context of debtor's delay should be taken into ac-

count. Furthermore, counsel for debtor attributes the nonappearance at the status conference to administrative error, which, under the circumstances, is not an unreasonable excuse.

■ It is also likely that the debtor will prevail on the merits of his appeal because the Bankruptcy Court abused its discretion in dismissing the Chapter 11 case after an unexcused delay of only three months. A three month delay, in the context of this case, is not unreasonable. *Compare In re William Steiner, Inc.,* 139 B.R. 356 (Bankr. D.Md.1992) (whereas two years had past and no plan had been filed, case is dismissed because, among other reasons, plan was not filed within a reasonable time under the circumstances); *In re Jones,* 115 B.R. 351, 352–53 (Bankr.N.D.Fla.1990) (dismissal is warranted where debtor fails to file amended disclosure statement after court deadline and after four years had past between filing of petition and trustee's first motion to dismiss); *In re Sundale Assocs., Ltd.,* 48 B.R. 288 (S.D.Fla.1984) (dismissal is appropriate where debtor has filed no acceptable plan for a period of almost four years).

Furthermore, the Bankruptcy Court made no specific finding of prejudice to creditors which is a component of Section 1112(b)(3) (unreasonable delay by the debtor that is prejudicial to creditors). *See In re Steen,* 43 B.R. 543, 544 (Bankr.W.D.Wis.1984) (where there was "no evidence of prejudice to creditors" and no fixed time set by the court for filing the proper documents, dismissal is not warranted); *In re L.N. Scott Co.,* 13 B.R. 387, 389 (Bankr.E.D.Pa.1981) (where "no evidence was brought forward to show that delay in filing a plan is prejudicial to the creditors," dismissal is not warranted). Nor

---

4. The court also refused to dismiss the Chapter 11 case pursuant to § 1112(b)(2) (inability to effectuate a plan), because "[t]he courts have usually limited application of this ground to cases where a debtor was little other than a corporate shell lacking a place of business, employees, payroll or discernible economic activity; or where a debtor has repeatedly proposed unconfirmable plans." *Id.* at 300 (citations omitted). Section 1112(b)(2) is therefore inapplicable to this case; Sphere is neither a corporate shell nor has it repeatedly proposed unconfirmable plans.

5. In its Affirmation in Opposition, dated September 14, 1993 ("Opp. Aff'm"), counsel for the debtor did not inform the Bankruptcy Court of any emotional or physical problems. He stated that the debtor's and counsel's lack of attendance at the conference was due to an administrative error on behalf of counsel. Opp. Aff'm, ¶ 8. He also stated that "[t]he debtor can file a plan of reorganization and disclosure statement at anytime this Court desires." *Id.,* ¶ 12.

did the court discuss why a dismissal was in the best interest of the creditors or the estate, as the statute requires. It is also worth noting that the Bankruptcy Court had at its disposal measures less drastic than a dismissal. *See, e.g., In re Blake,* 37 B.R. 903 (Bankr.S.D.N.Y.1984) (court grants defendant approximately two weeks to file plan even though at time of motion to dismiss four months had passed without a plan being filed). Finally, neither the U.S. Trustee nor any creditors have come forward to argue that the debtor in this case is either unwilling or unable to file an acceptable plan of reorganization and this demonstrates as well that dismissal was unwarranted. *Compare In re Walton,* 80 B.R. 870 (Bankr.N.D.Ohio 1987) (where debtor owns no land and therefore no chance of presenting a plan, and admits to same, dismissal is warranted).

■ In sum, debtor has shown a likelihood that he will succeed on appeal in demonstrating that the Bankruptcy Court abused its discretion when it dismissed debtor's Chapter 11 case after an unexcused delay of three months. Debtor states in his application that it could have completed a plan of reorganization and filed a disclosure statement within 14 days of dismissal, App., ¶ 12, and this indicates as well that dismissal was unwarranted. *In re Cardinal Congregate I,* 113 B.R. 371 (Bankr.S.D.Ohio 1990) (court finds no unreasonable delay because, in part, debtor has intention of filing plan). Nor have any interested parties challenged this contention. Neither the creditors nor the U.S. Trustee has presented facts upon which it can be concluded that there are no realistic prospects for reorganization or for payment to creditors or that continuation of debtor's role as debtor-in-possession would be an abuse of Chapter 11. *Compare In re Hi–Toc Development Corp.,* 159 B.R. 691, 692 (S.D.N.Y.1993) (stay pending appeal of bankruptcy court's decision converting Chapter 11 case to Chapter 7 is denied because *"[u]nder the circumstances,* the Bankruptcy Court had discretion to conclude that enough was enough[.]") (emphasis added).

### B.  *The Other Factors*

The other factors debtor must establish in order to merit the injunctive relief sought can be dealt with quickly. There can be little doubt that debtor will suffer irreparable harm if its major creditors move to collect monies owed. Skudin Aff'd, ¶ 10 ("To permit collection and enforcement actions against the Debtor would, in essence, force the Debtor to close its business[.]"). Furthermore, given the fact that no interested parties have submitted papers in opposition to debtor's motion, there is little likelihood that they will be substantially injured if they are restrained from proceeding with collection pending the appeal of Judge Holland's October 25, 1993 dismissal order. Finally, because "Chapter 11 helps to save many enterprises which would otherwise fail," *In re Hi–Toc Development Corp.,* 159 B.R. 691, 692 (S.D.N.Y. 1993), it would not be contrary to the public interest to restrain the creditors pending debtor's appeal of the Bankruptcy Court's order; should debtor be successful on appeal (which is likely), it will be able to seek the protection of the Bankruptcy Code.

### C.  *The Issue of a Bond*

■ Bankruptcy Rule 8005 provides in relevant part that "[t]he district court ... may condition the relief it grants under this rule on the filing of a bond or other appropriate security with the bankruptcy court." The posting of a bond, therefore, is discretionary. "The reason for requiring a bond is to secure the prevailing party against any loss that might be sustained as a result of an ineffectual appeal." 9 *Collier on Bankruptcy* ¶ 8005.07[2] (1993). This case does not require a bond (nor have any interested parties asked for one) because little or no damage will be incurred as a result of the stay. *In re Theatre Holding Corp.,* 22 B.R. 884, 885–86 (Bankr.S.D.N.Y.1982) (the only compensable damages to a party opposing the appeal are those which are the "natural and proximate" result of the stay). This case does not involve, for example, the need to protect against diminution in the value of property pending appeal. *See, e.g., In re Gleasman,* 111 B.R. 595, 603 (Bankr.W.D.Tex.1990). Because there is no collateral at stake neither the creditors nor the U.S. Trustee will likely be damaged if debtor is unsuccessful

on appeal. This case, therefore, is unlike *In re Pine Lake Village Apartment Co.,* 21 B.R. 395, 397 (S.D.N.Y.1982), where a bond was necessary to protect a secured creditor against any decline in value that the collateral could suffer if the automatic stay was in effect because, absent the stay, the creditor could foreclose, thus preventing any further loss in the value of the security. Here, Joseph Richards has a "lien on assets" but the Voluntary Petition does not indicate that, like the creditor in *In re Pine Lake,* he is seeking to move against collateral in order to protect its value. This conclusion is supported by the fact that no interested parties have come forward in opposition to debtor's motion.

### CONCLUSION

For the foregoing reasons, debtor's motion is granted.

SO ORDERED.