**Frederick H. QUARLES, Appellant,**

v.

**Hugh O. MILLER, et al., Appellees.**

**Civil Action No. 95–00068–C.**

United States District Court,
W.D. Virginia,
Charlottesville Division.

March 12, 1996.

Roy David Bradley, Madison, VA, Robert Metcalfe Musselman, Robert M. Musselman & Associates, Charlotesville, VA, for Frederick H. Quarles.

Francis McQuaid Lawrence, St. John, Bowling & Lawrence, Charlottesville, VA, for Hugh O. Miller and Lawrence W. Burks.

## MEMORANDUM OPINION

MICHAEL, District Judge.

■ This matter comes before the court upon an appeal of an Order of the United States Bankruptcy Court for the Western District of Virginia, Lynchburg Division, Judge William E. Anderson, granting the Special Commissioners' motion to disburse proceeds derived from a sale of real property. The appellant claims that the bankruptcy court erred in authorizing the disbursement where the appellant has pending before the United States Court of Appeals for the Fourth Circuit the appeal of a decision by this court holding that the appellant could not collaterally challenge a final judgment obtained by the appellees—assignees of a foreign corporation who had successfully prosecuted a lawsuit against the appellant without a "certificate of authority," as required pursuant to Va.Code Ann. § 13.1–758(B) (Michie 1995). In essence, the appellant claims that it is illogical to approve the disbursement of proceeds of a sale to satisfy a judgment where the question of the legality of that judgment is pending on appeal.[1]

### I.

The appellant and debtor, Frederick H. Quarles, is the sole owner of Commonwealth

---

1. The appellant argues also that the appellees' counsel, Francis Lawrence, should be disqualified due to an apparent conflict of interest. Basically, the appellant argues that Mr. Lawrence represented Thomas P. Coughlin, who executed an agreement with the appellant's company, Commonwealth Capital Corporation, whereby

Capital Corporation ("Commonwealth"). In May 1986, Commonwealth entered into a contract with Colonial Electric Company ("Colonial"), whereby Commonwealth would endeavor to obtain financing for Colonial's real estate project in Hilton Head, South Carolina. Colonial paid consideration to Commonwealth in the amount of $65,000.00. Colonial is incorporated pursuant to the law of South Carolina.

Commonwealth did not fulfill its contractual obligations, and the appellees, both individually and as assignees of Colonial, obtained judgment against Commonwealth. Upon appeal to the Supreme Court of Virginia, the Virginia Court affirmed the decision of the lower court and held, in addition, that the appellant was personally liable to the appellees.

The appellees, as judgment creditors, filed suit against the appellant. The Circuit Court for the City of Charlottesville found that the appellant had fraudulently conveyed four properties in an effort to frustrate the appellant's creditors. The Charlottesville Circuit Court entered an Order directing the sale of those properties.

On October 6, 1994, the appellant filed a petition in bankruptcy, pursuant to Chapter 11 of the Bankruptcy Code. The bankruptcy court lifted the automatic stay to permit the parties to complete their litigation in state court and to permit the appellant's properties to be sold in accordance with the order of the Charlottesville Circuit Court.

In January 1995, the appellant amended his state court pleading to allege, for the first time, that the judgment against him was void because the appellees had failed to obtain the requisite "certificate of authority," as required pursuant to Va.Code Ann. § 13.1–758(B) (Michie 1995).[2] On January 18, 1995, the state court denied the appellant's request to enjoin the scheduled sale of his properties. The appellant filed an adversary proceeding in the bankruptcy court and contested the validity of the appellees' judgment. On February 16, 1995, the bankruptcy court denied the appellant's motion to enjoin the sale. The appellant prosecuted an appeal to this court. By Order and Memorandum Opinion dated March 31, 1995, this court affirmed the bankruptcy court and held that the appellant could not collaterally challenge a judgment obtained by a foreign corporation transacting business in Virginia without a certificate of authority. The appellant is currently prosecuting an appeal of this court's March 31, 1995 decision to the United States Court of Appeals for the Fourth Circuit.

On May 17, 1995, the bankruptcy court issued an order directing the Special Commissioners not to disburse the proceeds of the sale of certain real property until further order of the bankruptcy court. On September 7, 1995, the Charlottesville Circuit Court ordered the Special Commissioners to distribute the proceeds of the sale. On September 18, 1995, the bankruptcy court, acknowledging the actions of the state court, found that the disbursement of the proceeds was appropriate and authorized the Special Commissioners to disburse the proceeds of the sale in accordance with the September 7, 1995 order of the Charlottesville Circuit Court. The appellant now appeals this latest decision of the bankruptcy court.[3]

## II.

Rule 8005 of the Bankruptcy Rules, in relevant part, provides:

> authority and the assignees of a cause of action arising out of that business may not maintain a proceeding based on that cause of action in any court in this Commonwealth until the foreign corporation obtains a certificate of authority.

Mr. Coughlin was entitled to participate in any fee earned by Commonwealth Capital Corporation from the appellee's assignor, Colonial Electric Company. The court is unable to conclude that the appellant raised this argument before the bankruptcy court; thus, the court will dismiss the appellant's claim of an alleged conflict of interest.

2. Section 13.1–758 provides, in relevant part, that

> B. The successor to a foreign corporation that transacted business without a certificate of

3. By Order dated October 26, 1995, the bankruptcy court converted the appellant's bankruptcy case pursuant to Chapter 11 into a case pursuant to Chapter 7. This action of the bankruptcy court is the subject matter for another appeal before this court, Civil Action Number 95–00075–C.

A motion for a stay of the judgment, order, or decree of a bankruptcy judge, for approval of a supersedeas bond, or for other relief pending appeal must ordinarily be presented to the bankruptcy judge in the first instance. *Notwithstanding Rule 7062 but subject to the power of the district court and the bankruptcy appellate panel reserved hereinafter, the bankruptcy judge may suspend or order the continuation of other proceedings in the case under the Code or make any other appropriate order during the pendency of an appeal on such terms as will protect the rights of all parties in interest* . . . .

(emphasis added). Rule 7062 provides that Federal Rule of Civil Procedure 62[4] becomes applicable in adversary proceedings, subject to several additional exceptions not applicable to this matter. However, "Bankruptcy Rule 8005 enables the bankruptcy court and the district court to tailor relief to the unique circumstances of the case, '[n]otwithstanding Rule 7062,' by making any 'appropriate order during the pendency of an appeal on such terms as will protect the rights of all the parties in interest.'" *In re Trans World Airlines, Inc.*, 18 F.3d 208, 212 (3rd Cir. 1994). Thus, Rule 8005, "by its terms, provides the bankruptcy court with substantially broader discretion than afforded a court by Rule 62." *Id.* at 211 n. 6.

▆▆ It is undisputed that the appellant did not seek a stay of judgment during the pendency of the appeal of the bankruptcy court's decision approving the disbursement of the proceeds from the sale of real property. The appellant explains that he did not seek such a stay because he would have been unable to post any supersedeas bond which the bankruptcy court might have required. The court is not persuaded by the appellant's explanation. The posting of a supersedeas bond is not a prerequisite to obtaining a stay pending appeal; rather, the requirement of posting a supersedeas bond is *discretionary*. *In re Sphere Holding Corp.*, 162 B.R. 639, 644 (E.D.N.Y.1994). It is well-established that " '[t]he reason for requiring a bond is to secure the prevailing party against any loss that might be sustained as a result of an ineffectual appeal.' " *Id.* (quoting 9 *Collier on Bankruptcy* ¶ 8005.07(2) (1993)); *see also In re Theatre Holding Corp.*, 22 B.R. 884, 885 (Bankr.S.D.N.Y.1982). The "loss that might be sustained" must be "compensable damages which are those which are shown to be the 'natural and proximate' result of the stay." *Id.* at 885–86 (citations omitted). It is true that this court cannot guarantee that the bankruptcy court would have granted the appellant a stay pending appeal.[5] However, it is equally true that the appellant's subjective beliefs that the bankruptcy court would have required bond and that the appellant would have been unable to post such bond does not excuse the appellant from petitioning for a stay.[6] In the instant case, the

**4.** Federal Rule of Civil Procedure 62(d) provides:

When an appeal is taken the appellant by giving a supersedeas bond may obtain a stay subject to the exceptions contained in subdivision (a) of this rule. The bond may be given at or after the time of filing the notice of appeal or of procuring the order allowing the appeal, as the case may be. The stay is effective when the supersedeas bond is approved by the court.

**5.** Indeed, the appellant would have to satisfy other criteria:

"In order to obtain a stay from a Bankruptcy Court order the appellant must make the same showing normally required of other kinds of orders." *In re Hi–Toc Development Corp.*, 159 B.R. 691, 692 (S.D.N.Y.1993). Therefore, in order for debtor to receive the injunctive relief requested, he must satisfy [the] court that (1) there is a likelihood of success on the merits; (2) he will be irreparably injured absent a stay; (3) the issuance of a stay will not substantially injure the other parties interested in the proceeding; and (4) the granting of the relief sought is not contrary to public policy. *Id.; In re Cretella*, 47 B.R. 382, 383–84 (E.D.N.Y. 1984).

*In re Sphere Holding*, 162 B.R. at 642; *see also City of Alexandria v. Helms*, 719 F.2d 699 (4th Cir.1983); *Long v. Robinson*, 432 F.2d 977 (4th Cir.1970); *Samson v. Ward*, 184 B.R. 253 (Bankr.D.S.C.1995); *In re Asheville Building Associates v. Carlyle Real Estate Limited Partnership, VIII*, 93 B.R. 920 (W.D.N.C.1988).

**6.** Indeed, the bankruptcy court is a court of equity, and this court cannot find that a stay pending the appeal of a bankruptcy matter would be automatically denied for the failure to post bond. In cases such as the instant action, the debtor itself could be the non-prevailing party and could be unable to post any bond. The court believes that Rule 8005 provides the bankruptcy court with sufficient latitude to account for such circumstances.

appellant's failure to petition the bankruptcy court for a stay pending appeal is fatal to his instant request.

## III.

The instant appeal will be dismissed. In an abstract context, the court agrees with the appellant that it seems illogical to disburse proceeds to satisfy a judgment where there exists the unanswered question of whether the judgment itself was obtained in compliance with all the procedural requirements of law. However, in the concrete context, this court is fully constrained by the procedural requirements for staying the execution of a judgment pending appeal. The Special Commissioners have complied with the directive of the bankruptcy court and have disbursed the funds. The present issue is moot. An appropriate Order will this day issue.