**Richard L. STERN, as Chapter 11 Trustee for the Estate of Sidney Spielfogel, Plaintiff–Appellee,**

v.

**BAMBU SALES, INC., Defendant– Appellant.**

**No. 96 CV 4786 (NG).**

United States District Court, E.D. New York.

Oct. 7, 1996.

Scott Y. Stuart, Rivkin, Radler & Kremer, Uniondale, NY, for Plaintiff–Appellee.

Joseph Aronauer, Morgenthau, Greenes, Goldfarb & Aronauer, P.C., New York City, for Defendant–Appellant.

## ORDER

GERSHON, District Judge:

Defendant–Appellant Bambu Sales, Inc. ("Bambu") seeks a stay of this adversary proceeding pending its appeal of the Order of Bankruptcy Judge Eisenberg, dated September 18, 1996, denying Bambu's motion for abstention. For the reasons stated below, the request for a stay is denied.

## FACTS

The debtor Sidney Spielfogel filed a Chapter 11 bankruptcy petition in this District on April 3, 1995. Shortly thereafter, he commenced an action in New York State Supreme Court, Nassau County, for the dissolution of Bambu, in which he owned approximately 21% of the outstanding shares. In response, Bambu elected to purchase Spielfogel's shares in the corporation at fair value. To date, no valuation has been made and the Supreme Court action remains pending.

In October 1995, upon the motion of a committee of unsecured creditors, the Bankruptcy Court removed Spielfogel as the debtor in possession and Richard L. Stern was appointed as the Operating Trustee of the

bankruptcy estate. Some time thereafter, Bambu declared a dividend, but did not make any payment to the bankruptcy estate on the ground that the debtor's shares were entitled to no dividend distribution as of the date of Bambu's election to purchase those shares. In response, on June 3, 1996, the Operating Trustee filed this adversary proceeding in the Bankruptcy Court seeking a turnover from Bambu of dividend payments alleged to be matured, due and payable debts of the bankruptcy estate. On the same date, the Operating Trustee also filed an application for an order demanding the immediate payment of the dividend and allowing an accounting of the books and records of Bambu. Bambu opposed this motion and filed its own motion requesting that the Bankruptcy Court abstain from deciding the dividend issue, on the ground that the issue involved a question of New York law that was properly decided as part of the pending state court dissolution action.

After a hearing on July 31, 1996, Judge Eisenberg issued an Order, dated September 18, 1996, which, *inter alia,* denied Bambu's abstention motion, scheduled a pre-trial hearing for October 8, 1996 at which the Operating Trustee's motion for immediate payment and for an accounting would be heard and granted a ten-day stay of the Order to allow Bambu to seek appellate relief. Bambu filed a notice of appeal on September 26, 1996 and four days later moved this Court by order to show cause for an order staying the adversary proceeding pending decision on the appeal of the Bankruptcy Court's denial of its abstention motion.

## DISCUSSION

■ Bambu does not identify the legal basis for its request for a stay. Stays pending appeals of orders of the Bankruptcy Court are governed by Federal Rule of Bankruptcy Procedure 8005, which reads in pertinent part as follows:

A motion for a stay of the judgment, order, or decree of a bankruptcy judge, ... or for other relief pending appeal must ordinarily be presented to the bankruptcy judge in the first instance.... A motion for such relief ... may be made to the

district court ... but the motion shall show why the relief, modification, or termination was not obtained from the bankruptcy judge. The district court may condition the relief it grants under this rule on the filing of a bond or other appropriate security with the bankruptcy court.

■ The decision to grant a stay pending appeal of a Bankruptcy Judge's order is left to the discretion of the District Court. *In re Sphere Holding Corp.,* 162 B.R. 639, 642 (E.D.N.Y.1994). Judge I. Leo Glasser of this Court has recently restated the standard by which this discretion is to be exercised:

When considering a motion for a stay, courts generally consider the following four factors: 1. the irreparable harm to the movant if the stay is denied; 2. The likelihood that the party seeking the stay will succeed on the merits of the appeal or a serious question going to the merits and a tipping of the equities in favor of the movant; 3. Whether there will be substantial harm to other parties if the stay is granted; and 4. The harm to the public interest. The case law suggest that all four criteria must be satisfied for a stay to be issued.

*In re Angela Maria Slater,* 200 B.R. 491, 495 (E.D.N.Y.1996) (citations omitted); *see also In re Sphere Holding Corp.,* 162 B.R. at 642.

In this case, Bambu's brief is devoted to arguing that the Bankruptcy Court should have abstained from deciding the dividend issue, and that Bambu should prevail on its appeal. A consideration of Bambu's assertion that it will suffer irreparable harm if no stay is granted pending its appeal makes a consideration of the other factors involved in granting a stay unnecessary.

Bambu's sole contention of harm is contained in a conclusory statement in an attorney's affidavit:

[T]he Bankruptcy Court denied Bambu's abstention motion and directed that the parties appear for a pre-trial status conference on October 8, 1996. Significantly, the Bankruptcy Court adjourned the Operating Trustee's request for payment of the disputed dividend until October 8, 1996. Thus, it is likely that in absence of a stay,

the Bankruptcy Court will determine the entire dispute before Bambu's appeal will be determined. *Affidavit in Support of Defendant–Appellant's Order to Show Cause for a Stay Pending Appeal* at pp. 2–3. Thus, in the absence of a stay, the "harm" Bambu will suffer will be the requirement that it attend a hearing in the Bankruptcy Court on October 8, 1996, at which the dividend issue will be considered, and following which the Bankruptcy Court will issue a decision which may or may not be in Bambu's favor. Clearly, until there is a decision of the Bankruptcy Court, Bambu can have no basis for seeking a stay, for it can make no showing of actual harm, much less irreparable harm.

## CONCLUSION

In light of Bambu's utter failure to show harm, much less irreparable injury, Bambu's motion for a stay of this adversary proceeding pending the appeal of the Bankruptcy Court's denial of its abstention motion is DENIED.

SO ORDERED.