In re SUPREMA SPECIALTIES, INC., et al., Debtors.

Kenneth P. Silverman, as Chapter 7 trustee for Suprema Specialties, Inc. and its affiliated debtors, Plaintiff,

v.

National Union Fire Insurance Co. of Pittsburgh, PA, et al., Defendants.

No. M–47(RCC).

United States District Court, S.D. New York.

Jan. 20, 2005.

Anthony C. Acampora, Silverman, Perlstein & Acampora, LLP, Jericho, NY, for Plaintiffs.

Thomas A. Draghi, Westerman, Ball, Ederer, Miller & Sharfstein, LLP, Mineola, NY, for Lumbermens Mutual Casualty Insurance Company.

## MEMORANDUM & ORDER

CASEY, District Judge.

On December 2, 2004, the Honorable Cornelius Blackshear of the United States Bankruptcy Court for the Southern District of New York entered an order (1) approving a settlement between the bankruptcy trustee ("Trustee") for Supreme Specialties, Inc. ("Suprema") and insurance carriers that had issued director and officer liability insurance policies ("D & O" Policies) to Suprema, (2) providing that the D & O Policies are rescinded, and (3) authorizing the Trustee to remit the proceeds of the settlement in accordance with a prior order of the Bankruptcy Court of April 11, 2003. Paul DeSocio, Rudolph Acosta, Jr., and Barry S. Rutcofsky ("Movants"), former outside directors of Suprema, seek a stay pending appeal pursuant to Rule 8005 of the Federal Rules of Bankruptcy Procedure of the portion of Judge Blackshear's order authorizing the Trustee to remit the settlement proceeds in accordance with the prior order of April 11, 2003. Movants unsuccessfully sought the same relief from Judge Blackshear. For the following reasons, Movants' motion is **GRANTED.**

"In order to obtain a stay from a Bankruptcy Court order the appellant must make the same showing normally required for a preliminary injunction or stays of other kinds of orders." *In re Hi–Toc Dev. Corp.,* 159 B.R. 691, 692

(S.D.N.Y.1993). Therefore, the Court considers: (1) whether there is a substantial possibility of success on appeal, (2) the risk of irreparable injury to Movants absent a stay, (3) the lack of substantial harm to the Trustee if a stay is granted, and (4) the public interests that may be affected. *Hirschfeld v. Bd. of Elections,* 984 F.2d 35, 39 (2d Cir.1993); *In re Country Squire Assocs. of Carle Place, L.P.,* 203 B.R. 182, 183 (2d Cir. BAP 1996). The Second Circuit has clarified that "the necessary 'level' or 'degree' of possibility of success on appeal will vary according to the court's assessment of the other [stay] factors." *Mohammed v. Reno,* 309 F.3d 95, 101 (2d Cir.2002) (quoting *Wash. Metro. Area Transit Comm'n v. Holiday Tours, Inc.,* 559 F.2d 841, 843 (D.C.Cir.1977)) (alteration in original and internal quotation marks omitted). The Court's decision on the requisite likelihood of success on appeal is therefore guided by its view of the competing harms and how the public interests are affected.

■ First, the Court finds risk of harm to the Movants and little to the Trustee. Should a stay be denied and the settlement proceeds dispersed, the funds in which Movants claim they have an interest may be unavailable. On the other hand, there is little potential harm to the Trustee. The settlement has been approved and the proceeds received. Movants represent to the Court (and the Trustee has not controverted that representation) that the April 11, 2003 order of the Bankruptcy Court merely approves the appointment of the Trustee's attorneys on a "success based contingency fee basis." The only harm to the Trustee as representative of the estate would be a delay in receipt of attorney's fees for his own law firm, which represents the Trustee in this matter. Thus, while Movants are at risk of suffering substantial harm if a stay is not granted, the Trustee is not likely to suffer such harm if a stay is granted.

Second, the public interests affected favor a stay. The issue on appeal is whether outside directors have a property interest in the proceeds of a settlement under which D & O policies are rescinded and payments are made by the insurers to the bankruptcy estate. Resolution of this issue in favor of the Trustee may make potential directors and officers less inclined to accept positions because of the chance that they will not be reimbursed for litigation expenses should the corporation declare bankruptcy. While there is a public interest in the efficient and expedient administration of bankruptcy estates, that interest is little implicated here because it is the Trustee's own law firm, and not Suprema's creditors, that will receive the payments absent a stay.

The Court does not believe that a high probability of success on appeal should be required because the competing harms and public interests favor Movants. Movants have established that there is a sufficiently serious legal issue meriting a stay. It is clear that the policies themselves are property of the estate. *In re Adelphia Communications Corp.,* 298 B.R. 49, 53 (S.D.N.Y.2003). There is a division of opinion, however, on whether the proceeds of a D & O policy belong to the estate. *Id.* (collecting cases). Judge Baer held in *In re Adelphia Communications* that the bankruptcy estate did not have an interest in the proceeds of D & O insurance policies because the estate had not advanced funds to the directors and officers to reimburse litigation expenses. *Id.* at 53–54. In contrast, courts have held that directors and officers do have a property interest in the payments made under D & O insurance policies. *See, e.g., In re Louisiana World Exposition, Inc.,* 832 F.2d 1391, 1401 (5th Cir.1987); *In re First Cent. Fin. Corp.,*

238 B.R. 9, 10–11 (Bankr.E.D.N.Y.1999). Here, the question involves the Trustee's power to agree to rescission of the D & O Policies and to compromise Movants' property interest in the insurance payments. That question is a sufficiently close one for the Court to find that Movants have a substantial possibility of success on appeal.

■■■■ Finally, the Court approves the stay without requiring Movants to post a bond. Federal Rule of Bankruptcy Procedure 7062(d) provides that Federal Rule of Civil Procedure 62(d) applies in adversary proceedings. Rule 62(d) states that "[w]hen appeal is taken the appellant by giving a supersedeas bond may obtain a stay.... The stay is effective when the supersedeas bond is approved by the court." Fed.R.Civ.P. 62(d). The posting of a bond, however, is discretionary and is not a prerequisite to obtain a stay pending appeal. *See In re Sphere Holding Corp.,* 162 B.R. 639, 644 (E.D.N.Y.1994). "The requirement of posting a supersedeas bond serves three purposes[:] it allows an appellant to pursue an appeal without first satisfying the judgment, it protects an appellee's rights and ability to collect the judgment and it guarantees the costs of delay incident to the appeal." *Cayuga Indian Nation of N.Y. v. Pataki,* 188 F.Supp.2d 223, 254 (N.D.N.Y.2002). Were the settlement proceeds to be paid to creditors, the Court might be persuaded that a bond should be required to guarantee the costs of delay incident to Movants' appeal. Because a stay would only delay payment of attorney's fees and not hinder payments to creditors, no bond will be required.

For the foregoing reasons, the application for a stay pending appeal is **GRANTED**.