In the Matter of SUNDALE ASSOCI-
ATES, LTD., the Sunrise Club,
Inc., Debtors.

No. 84–1356–CIV–JLK.
Bankruptcy Nos. 81–00117–BKC–SMW,
81–00118–BKC–SMW.

United States District Court,
S.D. Florida,
Miami Division.

. Dec. 5, 1984.

John H. Genovese, Holland & Knight, Miami, Fla., for debtors.

Francis L. Carter, William L. Courshon, Steel Hector & Davis, John L. Britton, Britton, Cohen, Cassel, Kaufman & Schantz, Miami, Fla., for defendant.

## MEMORANDUM OPINION AND ORDER

JAMES LAWRENCE KING, Chief Judge.

The debtors appeal from an order of the bankruptcy court, dated June 3, 1983, determining the claim of the appellee, Southeast Bank, N.A., for purposes of the plan of reorganization, and from the subsequent dismissal of the Chapter 11 proceedings on February 17, 1984, upon Southeast's motion. At issue in this appeal is whether those actions of the bankruptcy court constituted reversible error. This Court concludes that they did not.

In December 1977, Southeast agreed to make a construction loan to the debtors in the amount of $6,500,000. The loan went into default in early 1979, and Southeast instituted a mortgage foreclosure action in state court in mid-1980. In January 1981, when the foreclosure action was at issue

and set for trial, the debtors filed voluntary petitions under Chapter 11 of the Bankruptcy Code for the purpose of staying litigation of Southeast's claim. In June 1981, over the debtors' objection, the bankruptcy court granted Southeast relief from the automatic stay so that the respective parties' claims could proceed to the point of judgment and Southeast's claim could be liquidated. *See In re Sundale Associates, Ltd.*, 11 B.R. 978 (Bkrtcy., S.D.Fla.1981).

After a judgment was entered in the state court foreclosure proceedings, the bankruptcy court entered its June 3, 1983 order setting Southeast's claim at an amount ($6,000,000.00) approximately the same as the amount of the foreclosure judgment plus accrued interest, for purposes of the plan of reorganization and disclosure statement, subject to adjustment after the conclusion of appellate review in the state courts.

The bankruptcy court allowed the proceedings to continue for over three years before dismissing them in February 1984. In fact, the debtors did not file a plan of reorganization and disclosure statement until almost two years after the commencement of the proceedings, in December 1982. The debtors' first two plans and disclosure statements were stricken by the bankruptcy court as improper. The debtors' third plan proposed that the debtors would obtain interim financing to permit Southeast's foreclosure judgment lien to be transferred to an interest-bearing cash escrow account in the amount of $6,000,000, pending the conclusion of the state court appeals. After the debtors' counsel represented at confirmation hearings in December 1983 that a financing commitment sufficient to fund the plan had been obtained, the bankruptcy court continued the confirmation hearing for three months, contingent upon the debtors' filing immediate proof of a commitment. Despite numerous opportunities given by the bankruptcy court to the debtors to produce evidence of a commitment, the debtors were unable to do so; and the debtors concede that they are still unable to fund their plan.

Ultimately, the bankruptcy court denied confirmation of the third plan due to the debtors' inability to fund the plan and dismissed the Chapter 11 proceedings because of the debtors' inability to effectuate a feasible plan, the unreasonable and prejudicial delay of over three years, and the denial of confirmation of every plan of reorganization proposed by the debtors.

■ The debtors argue that Section (e)(2)(B) of the Emergency Rule adopted by this Court on December 22, 1982, after *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982), is applicable and that a de novo standard of appellate review is to be applied. However, the Emergency Rule was superseded by the enactment of the Bankruptcy Amendments and Federal Judgeship Act of 1984 (P.L. 98–353) on July 10, 1984; and Bankruptcy Rule 8013 provides that the bankruptcy judge's findings of fact shall not be set aside unless clearly erroneous. Even assuming the de novo standard is applicable, this court is satisfied that the record below is sufficient and need not be reopened here.

■ Having granted relief from stay to permit Southeast to liquidate its claim in the state court foreclosure action and the claim having been liquidated by the entry of a judgment in that action, the bankruptcy court was bound to give full faith and credit to the judgment, and could not properly "look behind" it, unless the judgment was the product of fraud or founded on an unenforceable obligation, or the court entering the judgment lacked jurisdiction over the subject matter or parties. *Heiser v. Woodruff*, 327 U.S. 726, 66 S.Ct. 853, 90 L.Ed. 970 (1946); *Kapp v. Naturelle, Inc.*, 611 F.2d 703 (8th Cir.1979). The record does not support a finding that the judgment was deficient in such respects. Although 11 U.S.C. § 502(c) permits the bankruptcy court to estimate a contingent or unliquidated claim, the liquidation of which would unduly delay the closing of the case, this Court is unpersuaded that the bankruptcy court was required to conduct a de novo hearing on the merits of Southeast's

claim after the bankruptcy court had already directed the liquidation of the claim in state court and a judgment was entered by that court. As this Court accepts the findings of the bankruptcy court in this regard, it is not necessary to address the issue whether the debtors waived their right to appeal the bankruptcy court's June 3, 1983 order determining the amount of Southeast's claim, by not filing a timely notice of appeal within ten days after the entry of that order, pursuant to then-applicable Bankruptcy Rule 802(a).

■ After striking the debtors' first two plans of reorganization, the bankruptcy court denied confirmation of the debtors' third plan because in the absence of an adequate means of funding the plan, the court had no assurance that the plan would not likely be followed by the liquidation or need for further financial reorganization of the debtors. *See* 11 U.S.C. § 1129(a)(11). The inability to effectuate a plan of reorganization, the debtors' unreasonable and prejudicial delay to creditors, and the denial of confirmation of every proposed plan are all grounds for dismissal of a Chapter 11 case under 11 U.S.C. § 1112(b); and the bankruptcy court had wide discretion under the Code to dismiss the Chapter 11 proceedings for any one of the grounds permitted under § 1112(b). *See* H.R.Rep. No. 95–595, 95th Cong., 1st Sess. (1977) 405 U.S.Code Cong. & Admin.News 1978, p. 5787.

A careful review of the record reveals that the bankruptcy court acted consistently with the rehabilitative purposes of the Bankruptcy Code by bending over backwards to afford the debtors an opportunity to file a plan of reorganization and to obtain necessary financing to fund their plan. The bankruptcy court did not dismiss the Chapter 11 proceedings until over three years after the commencement of the proceedings and almost four years after Southeast filed its foreclosure action against the debtors in state court; and the initial appeal of the state court judgment is still pending after almost two years. The bankruptcy courts have generally dismissed Chapter 11 cases in the absence of a

confirmed plan after far shorter periods of time. *See, e.g., In re Powell Bros. Ice Co.,* 37 B.R. 104 (Bkrtcy., D.Kan.1984) (less than six months); *In re Lahman Manufacturing Co.,* 33 B.R. 681 (Bkrtcy., D.S.D. 1983) (eleven months); *In re Hebb Hendrix, Inc.,* 32 B.R. 29 (Bkrtcy., S.D.Fla. 1983) (one year). The debtors filed three plans of reorganization, but none were confirmed. The Debtors were (and still are) unable to obtain funding for the third plan despite having been given numerous opportunities by the bankruptcy court to obtain such funding. The substantial delay of almost four years has prejudiced Southeast in that it has been deprived of the full exercise of its rights during this time. Should the state court appeal be decided in Southeast's favor, Southeast's total claim, including interest accruing daily, could significantly exceed the liquidation value of the property.

Accordingly, the bankruptcy court's orders determining the amount of Southeast's claim and dismissing the Chapter 11 proceedings, dated June 3, 1983 and February 17, 1984, respectively, are in all respects affirmed.

IT IS SO ORDERED.