**In re Russell H. JONES and Willie Mae Jones, Debtors.**

**Bankruptcy No. 84–00006.**

United States Bankruptcy Court,
N.D. Florida,
Gainesville Division.

Feb. 13, 1990.

Andrew J. Decker, Live Oak, Fla., for debtors.

Charles Glidewell, Tallahassee, Fla., for U.S. trustee.

## ORDER DENYING MOTION TO CONVERT

LEWIS M. KILLIAN, Jr., Bankruptcy Judge.

The Debtors have moved the Court for an order converting this Chapter 11 case to Chapter 12 of the Bankruptcy Code. For the reasons set forth below, the Debtors' motion is denied.

■ The Debtors filed their petition under Chapter 11 on January 25, 1984. On September 19, 1988, the United States Trustee filed a motion to dismiss or con-

vert, or for a date certain for the filing of a plan of reorganization. At the October 27, 1988, hearing, the Court directed the Debtors to file the reorganization plan within five days. The plan and disclosure statement were filed on November 4, 1988. The U.S. Trustee noted what it believed were material discrepancies in the Debtors' disclosure statement, and the Court granted the Debtors an additional twenty days, or until February 28, 1989, to file an amended disclosure statement. An amendment has never been filed.

On March 17, 1989, the Debtors moved to dismiss their case. Farmers Home Administration (FmHA) objected to dismissal, and the Debtors withdrew the motion. On November 13, 1989, the U.S. Trustee filed its second motion to dismiss. At the December 7, 1989, hearing on the U.S. Trustee's motion, the Court directed the Debtors to negotiate with FmHA and to file a consented plan of reorganization by January 7, 1990, failing which this case would be dismissed.

On January 19, 1990, the Debtors moved to convert their case to Chapter 12, and on January 24, 1990, the Court entered its order of dismissal.

Under Section 1112(b) of the Bankruptcy Code, the Court may dismiss a Chapter 11 case, for cause, including:

(1) continuing loss to or diminution of the estate and absence of a reasonable likelihood of rehabilitation;

(2) inability to effectuate a plan;

(3) unreasonable delay by the debtor that is prejudicial to creditors;

(4) failure to propose a plan under section 1121 of this title within any time fixed by the court;....

Section 1112(b) of the Bankruptcy Code.

■ The facts of this case establish sufficient cause for dismissal. The Debtors have had sufficient time, and are apparently unable "to effectuate a plan" of reorganization. The Bankruptcy Code does not guarantee successful reorganization, nor does it provide a framework within which a debtor may indefinitely operate. It only

**353**

provides a breathing period for a debtor to attempt to reorganize.

■ The Debtors' case cannot be converted to Chapter 12 of the Bankruptcy Code. The Bankruptcy Judges, United States Trustees, and Family Farmer Bankruptcy Act of 1986 (the Act), Pub.L. 99–554, 100 Stat. 3088, effective November 26, 1986, prohibits conversion to Chapter 12 if the bankruptcy case was pending on the effective date of the Act. Section 302(c)(1) of the Act provides:

> The amendments made by Subtitle B of title II shall not apply with respect to cases commenced under title 11 of the United States Code before the effective date of this Act.

While the language of the statute prohibits conversion, the Debtors argue the accompanying report of the Conference Committee explains:

> APPLICABILITY OF CHAPTER 12 TO PENDING CHAPTER 11 AND 13 CASES
>
> It is not intended that there be routine conversion of Chapter 11 and 13 cases, pending at the time of enactment, to Chapter 12. Instead, it is expected that courts will exercise their sound discretion in each case, in allowing conversions only where it is equitable to do so.

While some courts have taken the position urged by the Debtors,[1] the better reasoned cases recognize the Committee report cannot preempt the statute it explains. *See, In re Erickson Partnership,* 856 F.2d 1068 (8th Cir.1988) (Congress' general intent to give farm families relief does not give rise to an inference that all farm families must have the benefit of the new law, despite the law's clear mandate to the contrary); *Matter of Sinclair,* 870 F.2d 1340 (7th Cir.1989) (when conflict exists between statute and legislative history, statute prevails in prohibiting conversion to Chapter 12 by Chapter 11 debtor whose case was pending on date law went into effect).[2]

In light of the plain language of the statute, we have no choice but to deny conversion. Accordingly, it is

ORDERED the Debtors' motion to convert is denied.

DONE AND ORDERED.

---

**1.** There are bankruptcy courts which rely on the language in the legislative history to allow conversion. *See, In re Fischer,* 72 B.R. 634 (Bkrtcy. D.Kan.1987); *In re Henderson,* 69 B.R. 982 (Bkrtcy.N.D.Ala.1987); *In re Nelson,* 73 B.R. 363 (Bkrtcy.D.Kan.1987).

**2.** There is no Eleventh Circuit opinion on this issue.