In re Raymond C. JACKSON, Debtor.

UNITED STATES of America, Appellant,

v.

Raymond C. JACKSON, Appellee.

No. 7–88–00952–HPB.–11.
Civil Action No. 95–154–B.

United States District Court,
W.D. Virginia,
Big Stone Gap Division.

Nov. 28, 1995.

S. Randall Ramseyer, Asst. U.S. Attorney, Western District of Virginia, Roanoke, VA, for Appellant.

Robert T. Copeland, Abingdon, VA, for Appellee.

## MEMORANDUM OPINION

TURK, District Judge.

This is an appeal by the United States of America from an order of the United States Bankruptcy Court for the Western District of Virginia denying its motion to dismiss the Chapter 11 case of Raymond C. Jackson. This court has jurisdiction and grants leave to appeal pursuant to 28 U.S.C. § 158. The United States, on behalf of the Internal Revenue Service ("IRS"), asserts that the bankruptcy court abused its discretion by not dismissing the debtor's bankruptcy case which has been in the bankruptcy court for seven years and for which no Chapter 11 plan has been confirmed. The appellee contends that the Chapter 11 reference should not be dismissed because portions of the delay were agreed to by Appellant, and the IRS has suffered no hardship because of the continued bankrupt status. Given the prolonged and continuing delay in the confirmation of a plan and the resulting prejudice to the IRS, the court finds that the bankruptcy court's order must be reversed and the case remanded to the bankruptcy court with direction to dismiss.

### I.

The debtor, Raymond C. Jackson, filed for Chapter 11 bankruptcy protection on June 10, 1988. In the course of those seven years, no Chapter 11 plan has ever been confirmed by the bankruptcy court, nor do bright prospects of a confirmation appear at present. This is the oldest Chapter 11 case currently pending in the Western District of Virginia without a confirmed plan of reorganization. Due to delays, administrative neglect, and debtor noncompliance, the United States Trustee has filed five separate motions to convert the case into a Chapter 7 liquidation, or to dismiss the case altogether.[1] Five such motions have been denied by the bankruptcy court with one still pending. The Trustee first sought, way back in August of 1988, to convert the case due to Jackson's failure to comply with the Trustee's requirements and

---

1. Those motions were filed on August 23, 1988, March 24, 1989, December 19, 1990, November 19, 1993, July 3, 1995, and September 8, 1995.

failure to file monthly reports. In 1989, the Trustee moved to convert the case for similar shortcomings by Jackson. By December 1990, no bankruptcy plan had been confirmed, and the Trustee sought conversion of the case for failure to "achieve a confirmed plan." All three motions were denied by the bankruptcy court without comment. The bankruptcy Trustee again requested conversion or dismissal of the case in November, 1993, based on the failure of the debtor to have a plan confirmed and failure to pay quarterly fees. Most recently, the Trustee moved on September 8, 1995 for dismissal or conversion of the case based on Jackson's failure to file monthly reports, pay Trustee's fees, comply with the June 13, 1994 Order requiring the debtor to make monthly payments to the IRS, or effectuate a Chapter 11 plan after seven years. The September 8, 1995 motion was again denied by the bankruptcy court and the Trustee reminded the court at that hearing that the November 1993 motion had been pending for twenty-two (22) months.

At the present time the IRS is Jackson's only bankruptcy creditor. The amount of the IRS claim remains in dispute after five years of adversary litigation, and the IRS has, as yet, gone unpaid. The bankruptcy court, upon a motion of the IRS, ordered Jackson on June 13, 1994 to pay five hundred dollars ($500) per month to the IRS pending resolution of the case. Jackson made payments for six months until January 1995 when he violated the court order and ceased making payments.[2] The IRS, as a party in interest, moved the bankruptcy court for dismissal or conversion of the case on July 3, 1995. After a hearing on July 25, 1995, during which Jackson testified that he is unemployed and has no assets whatsoever, the Appellant's motion was denied by the bankruptcy court. This appeal followed the denial of that motion to dismiss.

**II.**

▆▆▆▆ The court will address the threshold issues of the propriety of an appeal at this time and the applicable standard of review before turning to the merits of the appeal. Federal district courts have jurisdiction over certain appeals from the bankruptcy courts, 28 U.S.C. § 158, and automatic jurisdiction over appeals of final judgments, orders, and decrees of the bankruptcy court, 28 U.S.C. § 158(a)(1), as well as discretionary jurisdiction over interlocutory orders and decrees of the bankruptcy court, 28 U.S.C. § 158(a)(3). While an order dismissing a bankruptcy case is a final order appealable by right, orders denying a motion to dismiss are interlocutory in nature and are only appealable by leave of the court. *See In re Hebb*, 53 B.R. 1003 (D.Md.1985). Although the IRS has treated the appeal as an appeal by right, the court will treat the notice of appeal as a motion for leave to appeal. Fed. R.Bankr.P. 8003(c). Whether or not to grant leave to appeal an interlocutory order is a discretionary call of the district court. Because the court finds that the appeal will materially advance the termination of the litigation, the court allows the appeal.

▆▆▆▆ Upon appeal from the bankruptcy court, the district court is constrained to accept the bankruptcy court's findings of fact unless they are clearly erroneous. *In re Johnson*, 960 F.2d 396, 399 (4th Cir.1992). Matters within the discretion of the bankruptcy court will not be set aside unless there was an abuse of that discretion. *In re Lawless*, 79 B.R. 850, 852 (W.D.Mo.1987). As 11 U.S.C. § 1112 states, the bankruptcy court "may" dismiss a case for cause, but is not required to do so. The decision whether to dismiss is discretionary and will be reviewed by this court under an abuse of discretion standard of review. *See Hall v. Vance*, 887 F.2d 1041, 1044 (10th Cir.1989).

**III.**

▆▆▆▆ The code lists various proper causes for dismissal including, in relevant part:

(1) continuing loss to or diminution of the estate and absence of a reasonable likelihood of rehabilitation;

---

**2.** It should be noted that the IRS is in possession of a tax refund owed to Jackson and his wife. The value of which is approximately $70,000 according to Jackson. This refund is frozen pending the outcome of this case.

(2) inability to effectuate a plan;

(3) unreasonable delay by the debtor that is prejudicial to creditors;

11 U.S.C. § 1112(b)(1)–(3).

The IRS filed its motion to dismiss based on 11 U.S.C. § 1112(b)(3), arguing that the seven years this case has been in the bankruptcy court with no confirmed plan during which time the IRS has only received $4,000, constitutes an "unreasonable delay" which is prejudicial to the appellant. The court agrees. It should be noted from the outset that the bankruptcy code does not guarantee that a debtor will emerge unscathed or that his business will be successfully reorganized. Bankruptcy must not become a safe harbor inside which debtors are forever hidden from debts they have incurred and creditors who deserve payment. Bankruptcy does not "provide a framework within which a debtor may indefinitely operate. It only provides a breathing period for a debtor to attempt to reorganize." *In re Jones,* 115 B.R. 351, 352–53 (Bankr.N.D.Fla.1990). Seven years is more than ample time for Jackson to catch his breath. Courts have routinely dismissed bankruptcy cases in which delays in the filing and confirmation of reorganization plans have been prolonged without reasonable excuse. *See, e.g., In re Kerr,* 908 F.2d 400, 404 (8th Cir.1990) (three years without confirmation of plan); *In re Sundale Assocs.,* 48 B.R. 288 (S.D.Fla.1984) (three years without confirmation of plan), *appeal dismissed,* 786 F.2d 1456 (11th Cir.1986); *In re William Steiner, Inc.,* 139 B.R. 356 (Bankr.D.Md. 1992) (two years without filing of plan); *In re Jones,* 115 B.R. at 352 (six years without confirmation of plan). Seven years is simply too long for a case to be in Chapter 11 without a confirmed plan. Absent mitigating factors, the court finds this to be an unreasonable delay.

■ Jackson contends that one of those "mitigating factors" is the appellant's filing of its amended claim after the bankruptcy court established a deadline of October 12, 1986. While it is true that the IRS filed a claim on July 31, 1989, which increased the amount of their claim, the debtor himself filed an amended complaint which was accepted by Order of the bankruptcy court on October 20, 1995. In rendering his decision to accept the debtor's amendments, the Bankruptcy Judge

cited the Rules which provide for "liberal amendments." Debtors, like Jackson, cannot avail themselves of the ability to amend, yet claim that similar changes made by creditors constitute a denial of due process.

■ Once the appellee's "due process" contention is disposed of, the reasonableness of the underlying delay can be reached. The context of the delay and any good faith reason for excessive delay must be taken into consideration in determining the reasonableness of the delay. *See In re Sphere Holding Corp.,* 162 B.R. 639, 643 (E.D.N.Y.1994). Delays have been found to be reasonable where the debtor was working diligently to formulate a plan, working to stabilize his business, or where the attorney was ill. *See In re Macon Prestressed Concrete Co.,* 61 B.R. 432, 437–38 (Bankr.M.D.Ga.1986) (delay of two years excused); *In re Sheehan,* 58 B.R. 296 (Bankr.D.S.D.1986) (delay of 13 months excused). Jackson has provided but one reason for the delay in this case. After Appellee filed for bankruptcy, his former business partner paid a tax penalty to the IRS assessed against both Jackson and himself. The IRS told Jackson that it would not consider his penalty as paid in full, until the limitations period had elapsed for Jackson's partner to seek a refund from the IRS. Jackson waited for two years until the period elapsed. Jackson claims the IRS suggested he wait, while the IRS alleges that Jackson delayed on his own initiative. Even if the court were to attribute that two year delay to the IRS, the case still would have been in Chapter 11 for five years without a confirmed plan. Jackson has failed to point to any reason justifying the remainder of the prolonged delay in this case.

Section 1112(b)(3) allows for dismissal of a Chapter 11 case for unreasonable delays which are prejudicial to creditors. The court finds that the delay of seven years combined with the automatic stay preventing the IRS from pursuing its usual remedies has prejudiced the IRS by depriving it of the full exercise of its rights. *See In re Sundale Assocs.,* 48 B.R. at 290.

Jackson's case has languished in the bankruptcy court for seven years and there still is no end in sight. Despite the Trustee's and Appellant's continued efforts to dispose of the case, the debtor has opposed that pru-

dent course of action at every turn. The excessive delay has given it the dubious distinction of becoming the oldest Chapter 11 case in this district without a confirmed plan. At the minimum, five years of this delay falls squarely on the shoulders of the debtor. The IRS has been unable to proceed against Jackson for seven years while watching Jackson settle with his other creditors. In such circumstances, dismissal of the case is warranted under 11 U.S.C. § 1112(b) and the failure of the bankruptcy court to so dismiss constituted an abuse of discretion.

### IV.

For the foregoing reasons, the court grants leave to appeal the bankruptcy court's interlocutory order, and finds that the case should have been dismissed due to unreasonable delays which prejudice the creditor. The court finds that the order of the bankruptcy court denying appellant's motion to dismiss must be **REVERSED** and the case **REMANDED** to the bankruptcy court with direction to dismiss Jackson's Chapter 11 case. An appropriate order will be entered this day.