Filed: December 4, 1997

UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

---

No. 96-1357
(CA-95-154-B, BK-88-952-7-HPB-11)

---

Raymond L. Jackson,

Plaintiff - Appellant,

versus

United States of America, etc.,

Defendant - Appellee.

---

O R D E R

---

The Court amends its opinion filed August 15, 1997, as follows:

On page 9, first paragraph, line 4 -- the phrase "within 90 days of remand" is corrected to read "within 90 days after final disposition of the IRS claim litigation scheduled for trial on January 15, 1998."

For the Court - By Direction

/s/ Patricia S. Connor

Clerk

**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

In Re: RAYMOND L. JACKSON,
Debtor.

RAYMOND L. JACKSON,
Plaintiff-Appellant,

No. 96-1357

v.

UNITED STATES OF AMERICA, on
behalf of the Internal Revenue
Service,
Defendant-Appellee.

Appeal from the United States District Court
for the Western District of Virginia, at Big Stone Gap.
James C. Turk, District Judge.
(CA-95-154-B, BK-88-952-7-HPB-11)

Argued: October 31, 1996

Decided: August 15, 1997

Before RUSSELL, ERVIN, and WILKINS, Circuit Judges.

_____

Reversed and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Robert Tayloe Copeland, COPELAND, MOLINARY &
BIEGER, Abingdon, Virginia, for Appellant. Laurie Allyn Snyder,

Tax Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee. **ON BRIEF:** Loretta C. Argrett, Assistant Attorney General, Gary R. Allen, Gary D. Gray, Tax Division, W. Clarkson McDow, Jr., United States Trustee, Martha L. Davis, Executive Office for the United States Trustee, Robert P. Crouch, Jr., United States Attorney, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

In June 1988, Raymond Jackson petitioned the United States Bankruptcy Court for the Western District of Virginia for relief under Chapter 11 of the United States Bankruptcy Code. On July 3, 1995, the Internal Revenue Service (IRS), one of Jackson's creditors, filed a motion pursuant to 11 U.S.C. § 1112(b) either to convert the case to a Chapter 7 case or to dismiss it.

The bankruptcy court denied the IRS' motion, and the government appealed this decision to the United States District Court for the Western District of Virginia. The district court granted the government leave to appeal from the interlocutory order of the bankruptcy court and reversed, ordering that the case be dismissed. Jackson appeals from the district court order. We reverse and remand with instructions.

I.

Prior to petitioning for relief under Chapter 11 of the Bankruptcy Code, Jackson was the chief executive officer of RBJ Coal Company (RBJ) and a director or officer of Kennedy Coal Company (KC). In August 1986, a grand jury indicted Jackson, along with Emory Cox,

2

also a director or officer in RBJ and KC, and the accountant for the companies, for conspiring to defraud the government of the income and social security taxes for which the two men were responsible for withholding from the wages of the employees of RBJ and KC, and for filing false or fraudulent quarterly employment tax returns on behalf of RBJ and KC for those taxes. These allegations involved the tax years of 1980-1982. Jackson, Cox, and the accountant were convicted by a jury on all counts. We upheld those convictions in United States v. Cox, 856 F.2d 187 (4th Cir. 1988). Before he was indicted, Jackson allegedly transferred all of his assets to his wife; Jackson, however, contests this point.

In June 1988, Jackson filed a petition seeking relief under Chapter 11 of the Bankruptcy Code. Since that filing, the United States Trustee and the IRS have collectively filed six separate motions to convert the case to Chapter 7 or to dismiss it. These motions were filed on August 23, 1988, March 22, 1989, December 19, 1990, November 19, 1993, July 3, 1995, and September 8, 1995. Five of these motions were denied by the bankruptcy court and one remains pending due to the interlocutory appeal which gave rise to this case. In the July 3, 1995 motion, the IRS asked the bankruptcy court for dismissal or conversion due to Jackson's inability to effectuate a reorganization plan, unreasonable delay, and failure to comply with that court's order to make monthly payments to the IRS. The denial of that motion resulted in this appeal.

Jackson proposed a plan and disclosure statement in July, 1989. The United States Trustee and two creditors objected to the proposed plan on grounds that the disclosure statement was insufficient and that the plan failed to provide adequate terms for payment of creditors' claims. The plan was never confirmed by the bankruptcy court. By March 31, 1992, however, Jackson had resolved and paid the claims of all his creditors except the IRS.

On November 14, 1990, Jackson initiated an adversary proceeding contesting the claims of the IRS. In his complaint, Jackson disavowed liability for the claim of the IRS for income taxes on the grounds that he had committed no fraud and therefore the assessment of such taxes was time-barred pursuant to 26 U.S.C. § 6501. He challenged the IRS' employment tax claims on the ground that he was not liable for

3

payment of the taxes as a responsible officer within the coal company pursuant to 26 U.S.C. § 6672(a) and, alternatively, on the ground that the amount of the claim was overstated.

On March 14, 1994, Jackson filed a modified plan of reorganization. By that time, the only remaining claims against his estate were those of the IRS. In his modified plan, Jackson stated that he disputed the allowability of the IRS' income tax claim on the grounds that the assessment of those taxes was time barred. He also stated that his liability for employment taxes of RBJ should be credited for (1) payments to be made by another officer of RBJ, James Ratliff, who also had been assessed as a responsible person of the corporation under 26 U.S.C. § 6672, and (2) the amounts that the employees of RBJ might have paid, which he had yet to investigate and which the bankruptcy court had not determined. Jackson also stated that the IRS owed him an income tax refund resulting from his overpayments for later tax years.

To effectuate this modified plan, Jackson proposed to pay the IRS $500 per month until such time as he finished investigating, and the bankruptcy court determined, the extent of his tax liability. At that time, he proposed that he would satisfy the allowed claims of the IRS for income taxes by allowing the IRS to offset them against the overpayments he had made. He proposed to pay any remaining income tax claim in cash at the time of confirmation. Finally, he proposed to satisfy the allowed claim of the IRS for employment taxes by offset (again) against anything that remained of overpayment.

On May 3, 1994, the IRS objected to confirmation of the modified plan on feasibility grounds. The IRS explained that (1) Jackson and his wife had overpaid a total of $26,705 (Jackson claims this overpayment is approximately $70,000) in income taxes for years 1984, 1985, 1987 and 1989, which was insufficient to satisfy by offset the IRS' claims in a bankruptcy proceeding; (2) the assessment of employment taxes against Ratliff was for only $58,378, not $131,000, as Jackson had represented, and Ratliff had paid only $15,588 in satisfaction of the debt; and (3) the IRS had informed Jackson over two years before of the procedure for claiming an abatement of his liability for any of RBJ's employment taxes for any taxes that may have been paid by its

4

employees, yet Jackson failed to produce any evidence that any employee of RBJ paid such taxes.

The amount of the IRS claim had remained in dispute after five years of adversary litigation when the district court heard the interlocutory appeal that we now review. Today, the IRS remains unpaid. Further, the bankruptcy court, upon a motion of the IRS, ordered Jackson on June 13, 1994, to pay $500 per month to the IRS pending resolution of the case. Jackson made payments for six months until January 1995, when he violated the court order and ceased making payments.

II.

On appeal of a bankruptcy matter from the district court, we evaluate the bankruptcy court decision directly, without being bound by the district court's determinations. See In re Charfoos, 979 F.2d 390 (6th Cir. 1990); In re Weiss, 111 F.3d 1159 (4th Cir. 1997). The bankruptcy court's findings of fact are reviewed for clear error, while questions of law are reviewed de novo. See In re Varat Enters., Inc., 81 F.3d 1310, 1314 (4th Cir. 1996). Specifically, we review a decision of the bankruptcy court dismissing a case pursuant to § 1112(b) of the Bankruptcy Code for an abuse of discretion. In re Superior Siding & Window, Inc., 14 F.3d 240, 242 (4th Cir. 1994).

III.

A.

The district court concluded that Jackson's conduct constituted "undue delay" pursuant to § 1112(b)(3) and therefore his case required dismissal. Section 1112(b) provides:

> (b) Except as provided in subsection (c) of this section, on request of a party in interest or the United States trustee or bankruptcy administrator, and after notice and a hearing, the court may convert a case under this Chapter [11 U.S.C. §§ 1101 et seq.] to a case under chapter 7 of this title, whichever is in the best interest of creditors and the estate, for cause, including --

5

(1) continuing loss to or diminution of the estate and absence of a reasonable likelihood of rehabilitation;

(2) inability to effectuate a plan;

(3) unreasonable delay by the debtor that is prejudicial to the creditors;

(4) failure to propose a plan under section 1121 of this title within any time fixed by the court;

(5) denial of confirmation of every proposed plan and denial of a request made for additional time for filing another plan or a modification of a plan;

(6) revocation of an order of confirmation under section 1144 of this title, and denial of confirmation of another plan or modified plan under section 1129 of this title;

(7) inability to effectuate substantial consummation of a confirmed plan;

(8) material default by the debtor with respect to a confirmed plan;

(9) termination of a plan by reason of the occurrence of a condition specified in the plan; or

(10) nonpayment of any fees or charges required under chapter 123 of title 28 [28 U.S.C. § 1191 et seq.].

11 U.S.C. 1112(b).

The presence of any one of these statutory factors, or other factors deemed important by the bankruptcy court, is sufficient to warrant

dismissal or conversion. See In re Gucci, 174 B.R. 401 (Bankr. S.D.N.Y. 1994); In re Maricamp Square Ass'n., Ltd., 139 B.R. 554 (Bankr. M.D. Fla. 1992); In re Route 202 Corp., 37 B.R. 367 (Bankr. E.D. Pa. 1984). However, the district court, upon dismissing Jackson's case, specifically concluded that the bankruptcy court abused its discretion by not finding that subsection (3) applied: unreasonable delay by the debtor that is prejudicial to creditors.

We have established a two-part test by which § 1112(b) is to be applied. In re Superior Siding & Window, Inc., 14 F.3d 240 (4th Cir. 1994). First, the court must "determine whether `cause' exists either to dismiss or to convert the Chapter 11 proceeding to a Chapter 7 proceeding[;] and second[,] . . . [the court must] determine which option is in the `best interest of the creditors and the estate.' Once `cause' is established, a court is required to consider this second question of whether to dismiss or convert." Id. at 242 (internal citations omitted). Thus, the "cause" determination is a threshold finding; if we determine that the bankruptcy court did not err when it declined to find "cause" for dismissal, our discussion must end there and the district court must be reversed.

B.

When determining whether cause exists to warrant a dismissal or conversion, a bankruptcy court retains "broad discretion." In re Woodbrook Assoc., 19 F.3d 312, 316 (7th Cir. 1994). However, the district court cites several cases in which unreasonable delay and other causes justify dismissal where periods of delay were of less than the seven years which has passed in the instant case. See In re Kerr, 908 F.2d 400, 404 (8th Cir. 1990) (where three years without confirmation of plan, dismissing for "bad faith"); In re Cohen, 173 B.R. 950 (Bankr. S.D.Fla. 1994) (where debtor had enjoyed protection of Chapter 11 for 11 months and IRS was prejudiced because it was prevented from pursuing collection against debtor, the record supported dismissal for unreasonable delay); In re William Steiner, Inc., 139 B.R. 356 (Bankr. D. Md. 1992) (where two years without filing a plan, dismissing for "bad faith"); In re Jones, 115 B.R. 351, 352 (Bankr. N.D. Fla. 1990) (where six years without confirmation of plan, dismissing for inability to effectuate a plan of reorganization); In re Sundale Assocs., 48 B.R. 288 (S.D. Fla. 1984) (where three years without a confirmation plan,

7

dismissing for inability to effectuate a plan of reorganization, unreasonable delay, and denial of confirmation of every proposed plan).

Even in the face of the authority cited by the district court, we adhere to the strict standard of review which prevents us from determining "how [we] . . . would have ruled if[we] had been considering the case in the first place . . . ." Washington v. Sherwin Real Estate, Inc., 694 F.2d 1081, 1087 (7th Cir. 1982). We will correct the bankruptcy court only where "1) the decision was based on an erroneous conclusion of law, 2) the record contains no evidence on which the bankruptcy court could have based its decision, or 3) the factual findings are clearly erroneous." Stavriotis, 977 F.2d at 1204 (citation omitted). Further, we have held that "a reviewing court may determine that the Bankruptcy Court abused its discretion only when there is a definite and firm conviction that the court below committed a clear error of judgment . . . ." In re Posner, 700 F.2d 1243, 1246 (4th Cir. 1983).

On this interlocutory appeal we do not have before us a full explanation of the bankruptcy court's reasons for allowing this case to continue and we regret that it has not yet been resolved. We note that were we reviewing a bankruptcy court's dismissal of a case, we would expect a more thorough explanation of that court's reasons for such action. We are, however, less likely to second-guess a bankruptcy court where it has simply retained jurisdiction and a district court has granted leave to appeal from an interlocutory order. The bankruptcy court is familiar with every aspect of this case. There is no rule that the age of a case alone requires its dismissal, and we conclude that the court has neither misapplied the law nor made erroneous findings of fact.

IV.

Upon review of the record, it appears that this case has languished in the bankruptcy courts for too many years and that much of this delay is attributable to Jackson's failure to propose a realistic plan of reorganization. Jackson has also failed to comply with interim payment schedules ordered by the bankruptcy court. The Bankruptcy Code was not intended to be used as a mechanism to "buy time" by those with no realistic chance of reorganization, and we fear the law

8

has been so used in this instance. For the reasons heretofore stated, however, we decline to second-guess the bankruptcy court on this issue. Accordingly, we reverse the district court and instruct the bankruptcy court to dispose of this case within 90 days after final disposition of the IRS claim litigation scheduled for trial on January 15, 1998.

REVERSED AND REMANDED