**STATE INDUSTRIES, INC.**

v.

**MOR–FLO INDUSTRIES, INC.**

**STATE INDUSTRIES, INC.**

v.

**AMERICAN APPLIANCE MFG. CORP.**

**Nos. CIV–2–84–276, CIV–2–85–26.**

United States District Court,
E.D. Tennessee,
Northeastern Division.

Sept. 2, 1988.

Robert L. Crossley, Baker, Worthington, Crossley, Stansberry & Woolf, Knoxville, Tenn., (Daniel D. Ryan, Paul R. Puerner, Milwaukee, Wis., Gary Shockley, Baker, Worthington, Crossley, Stansberry & Woolf, Johnson City, Tenn., of counsel), for State Industries.

Olen G. Haynes, Hicks, Arnold, Haynes & Sanders, Johnson City, Tenn. (Ronald I. Weiss, Cleveland, Ohio, Joseph A. Grear, John W. Hofeldt, Haight & Hofeldt, Chicago, Ill., of counsel), for Mor-Flo Industries, Inc. and American Appliance Mfg. Corp.

**ORDERS**

HULL, Chief Judge.

This matter is before the Court to consider the plaintiff's motion to correct a clerical mistake, the defendants' motion to set amount of security and to stay execution pending appeal, and the defendants' unopposed motion under Rule 60(a). After careful consideration of these motions as well

as the responses thereto, and the record as a whole, it is hereby ORDERED as follows:

■ 1. Although the plaintiff has filed a motion to correct a clerical mistake in the judgment entered in this cause, the Court finds that this motion in effect requests relief under Rule 59(e) rather than Rule 60 of the Federal Rules of Civil Procedure. Accordingly, because plaintiff's motion was timely filed, it will be treated as a motion to alter or amend a judgment rather than a motion to correct a clerical mistake. The Court finds that plaintiff's motion is well taken and the Clerk is hereby DIRECTED to enter an amended judgment to reflect that the plaintiff is entitled to prejudgment interest for the period from May 4, 1984 up to the entry of judgment on July 21, 1988, or for prejudgment interest in the total amount of $2,011,409.00. The Court has taken judicial notice of applicable interest rates.

■ 2. Inasmuch as the amount of the supersedeas bond may be computed to include the whole amount of the judgment, costs on appeal, interest, and damages for delay, the Court does not find that it is unreasonable to require the defendants to post a bond by letter of credit equal to the judgment in this cause. The defendant has failed to show that obtaining a letter of credit would impose an undue financial burden or any other exceptional circumstances which would warrant a bond in a lesser amount than the judgment. Accordingly, the defendants' motion in regard to a lesser amount of security is DENIED. Upon posting a good and sufficient letter of credit by the defendant for the full amount of the judgment, a stay will be in effect pursuant to the provisions of Rule 62(d) of the Federal Rules of Civil Procedure.

3. The Court finds that the defendants' unopposed motion under Rule 60(a) is well taken and accordingly, the Clerk is DIRECTED to enter an amended notice of appeal to change the phrase "defendants named above" to read "Mor–Flo Industries, Inc. and American Appliance Mfg. Corp., defendants above named, hereby appeal...."