**In re Jack Raymond BURKETT, Debtor.**

No. 02–50508–C.

United States Bankruptcy Court, W.D. Texas, San Antonio Division.

June 25, 2002.

Jack Raymond Burkett, Spring Branch, TX, pro se.

Edward B. Hinders, Hervol, Hinders & Goodbread, P.L.L.C., San Antonio, TX, for debtor.

Helen G. Schwartz, San Antonio, TX, trustee.

**MEMORANDUM DECISION AND ORDER DENYING STAY PENDING APPEAL**

LEIF M. CLARK, Bankruptcy Judge.

CAME ON for consideration the foregoing matter, in which the debtor seeks a stay of this court's order sustaining the trustee's objection to the debtor's claim of a homestead exemption in a house. The court conducted an evidentiary hearing which included testimony from both the debtor and the debtor's spouse, as well as from various creditors who happen to live in the same community. The court had ample opportunity to observe the demeanor of the witnesses and to evaluate the credibility of the testimony offered, and made its findings of fact on the record based upon those observations. Those findings are, in the court's opinion, reversible on appeal only in the event the appellate court concludes that the trial court's factual findings were clearly erroneous.

The Fifth Circuit has said that "a bankruptcy court's findings of fact will be reversed only if, considering all the evidence, the appellate court is left with the definite and firm conviction that a mistake has been made." *In re Kemp*, 52 F.3d 546, 550 (5th Cir.1995); *see also Haber Oil Co. v. Swinehart*, 12 F.3d 426, 434 (5th Cir. 1994); *In re Young*, 995 F.2d 547, 548 (5th Cir.1993); FED.R.BANKR.P. 8013 ("Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses"). Given this standard of appellate review, it is highly unlikely that the court's findings will be disturbed on appeal, because appellate courts cannot evaluate the demeanor and candor of witnesses.

■■■ The Fifth Circuit has said that, to be entitled to a stay pending appeal, a party must establish four elements which track the elements for entry of a preliminary injunction. *In re First South Savings Ass'n*, 820 F.2d 700, 709 (5th Cir. 1987) (in evaluating a request for stay pending appeal, the bankruptcy "must exercise its discretion in light of what this court has recognized as the four criteria for a stay pending appeal. *Cf. Canal Auth. v. Callaway*, 489 F.2d 567, 572 (5th Cir.1974) (considering a preliminary injunction). The four criteria are: (1) whether the movant has made a showing of likelihood of success on the merits; (2) whether the movant has made a showing of irreparable injury if the stay is not granted; (3) whether the granting of the stay would substantially harm the other parties; and (4) whether the granting of the stay would serve the public interest"). The movant here cannot establish the first of these elements because this court's findings of fact, based primarily on an evaluation of the credibility and demeanor of

witnesses, are highly unlikely to be reversed on appeal as "clearly erroneous." In addition, the movant has failed to satisfy the third element. The offer to insure the property falls far short of protecting the estate and its representative, the trustee, from the vagaries of the marketplace, or from the loss of the time value of money as a result of this property's being tied up in litigation during the pendency of an appeal. Furthermore, the offer fails to cover the costs of the trustee in defending the favorable ruling she obtained in this court should she prevail on appeal (as it is expected she will). The supersedeas bond proposed by the debtor is insufficient to protect the estate's interest from harm. Under settled Fifth Circuit law, then, the movant has failed to establish an entitlement to a stay pending appeal.

This court previously ruled that the above four-part test might not always be appropriate in the bankruptcy context because of the need to fashion or tailor relief to deal with the unique exigencies of bankruptcy administration. *See In re Gleasman*, 111 B.R. 595, 599 (Bankr.W.D.Tex. 1990). Indeed, the court purported to limit the application of the four-part test to appeals from orders that are essentially injunctive in nature. *Id.* Though the Fifth Circuit has never reversed or questioned this formulation of the application of Rule 8005 to stays pending appeal in the bankruptcy context, neither has it adopted that formulation. Indeed, in later cases touching on bankruptcy, the court has continued to rely on its four-part test, harking back to its seminal ruling in *Ruiz v. Estelle*, 666 F.2d 854, 856 (5th Cir.1982). *See Arnold v. Garlock, Inc.*, 278 F.3d 426, 439 (5th Cir.2001). In any event, the purpose of the *Gleasman* approach is to afford flexibility in those extraordinary situations that sometimes only bankruptcy can present— such as, by way of example, fashioning a stay that permits appellate review of a

financing order while still permitting the reorganization process to proceed. *See, e.g., In re First South Savings Ass'n,* 820 F.2d 700, 709 (5th Cir.1987). There are no compelling equities or complex estate administration issues that warrant using any test other than that set out by the Fifth Circuit—and we have already seen that the movant fails that test.

For these reasons, the request for a stay pending appeal is denied.

So ORDERED.